## SUPREME COURT.

GREGORY AND FOOT agt. LEVY AND SEDGWICK.

*Sureties* in an undertaking can not raise the question of the liability of their principal to arrest.

The Code has made no change in the law as to the liability of sureties. It points out the mode of exonerating them. But their responsibility after return of *non est* upon *ca. sa.* remains as formerly.

*Oswego General Term, April* 1852—ALLEN, HUBBARD and PRATT, *Justices. Demurrer to answer.* The complaint in this action sets forth that on the 3d day of June 1851, the plaintiffs commenced an action against one Sylvester Levy, to recover a debt; that at the time of issuing the summons, an order of arrest was obtained under subdivision 4 of section 179 of the Code; that Levy was arrested thereon and discharged from custody upon the defendants in this action executing an undertaking of bail under section 187; that judgment was rendered against Levy, the debtor, and executions against his property and person duly issued and returned unsatisfied; whereupon this action was brought upon the undertaking against the defendants as sureties.

In their answer the defendants allege that the action against Sylvester Levy was to recover the amount of two promissory notes, and that the complaint therein contained no allegation that the debt was fraudulently contracted, or any allegation showing that Levy was liable to arrest, or that the action was one in which an arrest might have been made upon an order under § 179 of the Code.

The plaintiffs demurred to the answer for insufficiency, that it did not state facts constituting a defence to the action.

> P. OUTWATER, *for the Plaintiffs.*
>
> G. D. DILLAYE, *for the Defendants.*

By the Court, HUBBARD, Justice.—The theory of the defendants' answer is that no breach of the undertaking can be alleged, because the record of judgment in the action against Sylvester Levy does not show that the action was one in which a personal

execution could issue, and that hence Levy was not bound to hold himself amenable to the *ca. sa.* which was issued and returned *non est inventus.*

Without deciding this precise question, applicable in a case where the debtor is himself interposing the objection, we think the demurrer must be sustained on the ground *that sureties of bail, can not raise the question of the liability of their principal to arrest.* They are estopped by their undertaking which imports that liability, and is in effect an acknowledgment of the bailable character of the action (24 *Wend.* 175; 8 *id.* 481–2; *Ld. Raym.* 1535). The principle upon which this doctrine is founded is, that exemption from imprisonment in actions upon contract under the statute is a *personal privilege,* which belongs to the debtor alone (*see* 19 *Wend.* 121, *and cases above cited*). That privilege may be waived by submitting to an arrest upon an order, and procuring bail. If waived the sureties to the recognizance can not be heard to interpose the debtor's personal exemption, or that the action was one in which the debtor might have claimed such exemption and procured a *vacatur* of the order of arrest. The law will presume against the sureties that the action against the debtor was in its nature bailable, or became so by waiver on the part of the debtor. The only mode of avoiding liability when a *ca. sa.* is returned *non est,* is for the sureties to surrender their principal under § 191 of the Code.

In this view of the case, it is not necessary to refer to the several authorities cited by the defendants' counsel, upon the question whether the judgment roll must, in terms, show that the action was one in which an order of arrest might have been made under the Code, in order to authorize the issuing a personal execution. The rights or remedies of the debtor are not now the subject of inquiry. In this case he was not a party to the undertaking, nor is he a defendant in this action. I will, however, allude to the case of Gridley agt. McCumber (5 *Howard,* 414), cited upon the argument, and affirmed upon appeal at general term in this district.

It was not affirmed upon any ground taken by the justice in special term in his opinion published in 5 *Howard, supra,* which can affect this case. It was affirmed upon the sole ground that

it appeared clearly that the action was brought to recover an indebtedness, concerning a portion of which there was no claim or pretence of fraud; and as to which the debtor was not liable to arrest or imprisonment. It was held, therefore, at general term that although the debtor had omitted to vacate the order of arrest, still he might move to rescind the *ca. sa.* for the reason that it was improperly issued. The question as to sureties did not arise.

The Code, I think, has made no change in the law to the liability of sureties. It points out the mode in which the debtor may obtain his discharge from arrest, and if bail is put in, the mode of exonerating the sureties. This is the extent of the change of the practice in this respect, the law affecting the responsibility of sureties after return of *non est* upon *ca. sa.* remains as formerly.

The demurrer, therefore, must be sustained, with leave to the defendants to amend their answer on payment of costs.