JOHN J. KELLY v. SAMUEL McCORMICK, impleaded, &c.

In an action upon a bond given to the sheriff for the purpose of obtaining the release of a party from arrest upon an attachment issued for a contempt, in proceedings supplementary to execution, the objection that the complaint does not show that an execution on the judgment against the principal obligor was issued, or returned, or that any order for his examination, or for the attachment, was made, is not available to the defendants.

The liability of the principal to arrest is conceded by the bail, by entering into the bond. If there was any irregularity in the process upon which the arrest was made, it belongs to the principal, alone, to set it up. It is in his power to waive it; and the giving of bail to obtain his discharge is evidence that he did so.

An attachment issued for a contempt should be made returnable before the judge by whom it was issued, and not before one of the judges of the court at chambers.

But if it be irregular in this respect, it is voidable only, and not void; and is therefore amendable.

The defect, if any there be, is waived by the giving of a bond to the sheriff; or, at all events, it is so far waived that it can not be made available as a defense to an action on the bond.

Where a bond given to a sheriff, to procure the release of a party from arrest on an attachment, is in all respects in accordance with the provisions of the statute, with the exception of the omission of seals, the defendants, in an action thereon, can not avail themselves of that objection.

Slight departures from the statute, in such obligations, are not fatal.

Where the appellant fails either to appear, or after appearing, to submit points in accordance with the provisions of the 25th rule, the judgment below should be affirmed of course.

APPEAL from a judgment of the New York common pleas. Kelly recovered a judgment in the New York common pleas, in 1850, against one Boylan, and proceedings supplementary to execution were had against him, and in the course of those proceedings, an attachment was issued against him for contempt, which was returnable before one of the judges of the court of common pleas at their chambers in the city hall, at a time specified in the attachment. The attachment was indorsed with an order to let the defendant to bail in the sum

of $300.   The sheriff arrested Boylan on the attachment, and the defendants McCormick and Cude joined with him, as his sureties, in a bond to the sheriff to obtain his release from arrest in accordance with the order indorsed on the attachment.   Boylan failed to appear on the return of the attachment, and the bond was ordered to be prosecuted.   It was accordingly assigned by the sheriff to the plaintiff, and this action was commenced upon it.   Samuel McCormick alone defended.   The cause was tried before Judge Woodruff, without a jury, who found the facts as above stated, except that the instrument called a bond, was not sealed by the parties executing it, but was only signed with their names.

A dismissal of the complaint was moved for on the grounds, 1. That the complaint did not aver that an execution was issued or returned ; or that any order for the examination of Boylan was made; or that any order for the attachment was made or served on him.

2. That the attachment was irregular, because it was returnable before one of the judges at chambers, and not before the court.

3d. That the defendant was not estopped from availing himself of the irregularity.

4th. That the paper signed by the defendants was not a bond, and was not authorized by statute.

The objections were overruled, and judgment was entered for the plaintiff.   The defendant having excepted to the decision denying his motion, appealed to the general term of the court of common pleas, where the judgment was affirmed, and he appealed to this court.

*Clarkson N. Potter* submitted points on the part of the respondent, but no one appeared for the appellant.

SELDEN, J.   The objection, that the complaint does not show that an execution on the judgment against Boylan was

issued, or returned, or that any order for his examination, or for the attachment, was made, is not available to the defendants in an action on the bond. The liability of the principal to arrest, is conceded by the bail, by entering into the bond. If there was any irregularity in the process upon which the arrest was made, it belonged to the principal alone to set it up ; it was in his power to waive it, and the giving of bail to obtain his discharge is evidence that he did so. (*Stever* v. *Somberger*, 19 Wend. 121 ; *S. C.*, 24 id. 275 ; *Gregory* v. *Levy*, 12 Barb. 610 ; *S. C.*, 7 How. Pr. Rep. 37.)

The attachment should, I think, have been made returnable before the judge by whom it was issued. (Code, § 302 ; *Shepherd* v. *Dean*, 13 How. Pr. R. 173 ; *S. C.* 3 Abb. 424 ; *Dresser* v. *Van Pelt*, 15 How. Pr. R. 19.) But if it was irregular in this respect, it was voidable only, and not void, and therefore amendable. (*Parke* v. *Heath*, 15 Wend. 301 ; Code, §§ 173, 174, 176.) The defect, if any there were, was therefore waived by giving the bond ; or at all events it was so far waived that it can not be made available as a defense to an action on the bond.

The only question which raises any doubt as to the correctness of the judgment, is that arising out of the want of seals. to the instrument on which the action is founded. Although the code of procedure authorizes judges, before whom proceedings supplementary to execution are had, to punish parties or witnesses, for disobedience to his lawful orders, as for contempt, (Code, § 302,) yet the proceedings, in effecting such punishment, must be governed by the provisions of the revised statutes. (2 R. S. 534, vol. 3, 5th ed. p. 849.) The sheriff is therefore authorized to discharge the party arrested upon an attachment in such cases, only upon receiving the bond of the party attached, with two sufficient sureties in the penalty indorsed on the attachment, with the condition that the defendant will appear on the return of the attachment and abide the order and judgment of the court thereupon. (2 R. S. 537, § 13.) It is else-

where provided that "No sheriff or other officer shall take any bond, obligation or security, by color of his office, in any other case or manner than such as are provided by law; and any such bond, obligation or security, taken otherwise than as herein directed, shall be void." (2 R. S. 286, § 59.) This statute, which is in substance the same as that of 23 Hen. 6, ch. 10; (8 John. 100; 10 Co. 99 a,) was designed to protect defendants from oppression, and plaintiffs from the consequences of the disposition of officers to be indulgent to parties under arrest. (*Winter* v. *Kinney,* 1 Comst. 368.) It should have a reasonable construction, in order that it may effect the object aimed at by the legislature. The present case is not within the object of its prohibition, if it is within the letter. I think the expression *"by color of his office,* in any other case or manner than such as are provided by law," limits the penalty of the statute to cases where it is shown, or must be presumed from the circumstances, that the officer designedly departed from the statute. In *Decker* v. *Judson,* (16 N. Y. Rep. 442,) Judge PAIGE says: "Color of office is defined as characterizing an act wrongfully done by an officer, under the pretended authority of his office, and grounded upon corruption, to which the office is as a mere shadow of color." Chancellor WALWORTH, in *Burrall* v. *Acker,* (23 Wend. 608,) says: "The words color of office necessarily imply an *illegal* claim of right, or authority to take the security." The present case certainly does not come within those definitions. The bond was in all respects in accordance with the provisions of the statute, with the exception of the lack of seals, which may have been entirely overlooked by the sheriff. In many cases, where bonds have been taken, not in strict accordance with the statute, but where it was plain that neither oppression on the one hand, nor ease and favor on the other, was designed, the bonds have been held good. A substantial compliance with the statute is all that is required. Where two sureties are required by the statute, and the

sheriff takes a bond with one only, the bond is valid, though it does not relieve the sheriff from responsibility. (*Shaw* v. *Tobias,* 3 Comst. 188; 18 Wend. 521; 20 id. 673.) In *Norden* v. *Horsley,* (2 Wils. 69,) the sheriff was authorized by statute to take bail in the sum specified in an affidavit and indorsed on the back of the writ, *and for no more.*" The debt sworn to was £12, and that was the sum indorsed on the writ; but the bail bond was taken for £24.18s. The court held the bond good, saying "it doth not appear but the defendant gave and executed it freely and voluntarily, and it is neither unreasonable by the statute, 23 Hen. 6, ch. 10, nor made void by the statute, 12 Geo. 1, now pleaded; and it has always been the practice to take bail bonds for more than the sum sworn to, viz. in double the sum, and if the bond in this case were void, it would be void in every case where it was taken in double the sum. Indeed it might have another consideration with respect to the sheriff or officer, how far such officer would be punishable by action or otherwise, if he should refuse to set a defendant at large, unless he would give very unreasonable security for his appearance. But in the present case the bond is not unreasonable, being taken only for eighteen shillings more than double the sum sworn to, and which *seems to be only a mere mistake, and not with any design to oppress the defendant.*" This case not only shows that the English statute, from which our statute was framed, has been very liberally interpreted by the English judges, but also that obligations taken by the sheriff, not in accordance with the statute, will not be declared void as taken *colore officii,* where they are voluntarily executed by the parties and not executed by him. Perhaps that ruling, to its full extent, could not be sustained under our statutes, as a fair presumption might arise that the sheriff designedly exceeded the statute in the amount of bail; but it may safely be referred to as authority for the position that slight departures from the statute in such obligations are not fatal. In the present case the obligation, in

every thing except the mere execution of it, which was the duty of the obligors, and which the sheriff could not perform for them, was in exact accordance with the statute; and although the plaintiff, who obtained the attachment, might have objected to the instrument for want of seals, I do not think the defendants can avail themselves of that objection. After presenting the instrument to the sheriff as a lawful and valid security, and by means of it obtaining the discharge of the principal party from arrest, "neither he nor his sureties ought to be permitted to get rid of it by alleging that it was not so strong or so perfect as the sheriff might have required him to make it. It is enough that it contains all the essentials of a valid contract and answers all the purposes intended by the statute." (3 Comst. 192.)

The instrument on its face shows a sufficient consideration to make it binding upon the parties as a simple contract.

The judgment should be affirmed.

Upon consultation the court concurred in the foregoing opinion; but it was also held that where the appellant failed either to appear when his cause is reached, or afterwards to submit points in accordance with the 25th rule, the judgment below should be affirmed of course, and on that ground as well as on an examination of the merits, the judgment in this case should be affirmed.

Judgment affirmed.