## Case No. 676.

### AVERY v. SPRINGPORT.

[14 Blatchf. 272.] [1]

Circuit Court, N. D. New York. June, 1877.

RAILROAD COMPANIES — MUNICIPAL AID BONDS— EXECUTION—SEAL—COMPLIANCE WITH STATUTE.

A statute authorizing a town to issue bonds in aid of the construction of a railroad, provided that the bonds should be under the hands and seals of commissioners. They issued coupon bonds which were not sealed, although their wording showed that sealing was intended, and the coupons were not sealed: *Held*, in a suit on the coupons, that the bonds and coupons were void.

[Cited in Phelps v. Yates, Case No. 11,082.]

[At law. Action by Noyes L. Avery against the town of Springport on coupons for the payment of interest on municipal bonds. Heard on defendant's motion for a new trial. New trial ordered.]

James R. Cox, for plaintiff.
George F. Danforth, for defendant.

JOHNSON, Circuit Judge. The material question in this case is, whether the execution of the instruments called bonds was sufficient in form to bind the defendant. The statute under which they purport to have been issued was a law of New York, entitled, "An act to facilitate the construction of the Cayuga Lake Railroad, and to authorize the town of Springport, Cayuga county, to subscribe to the capital stock thereof," passed April 24, 1869, (Laws 1869, p. 677.) The 2d

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission.]

section of the act is the only one which authorizes any one to bind the town for the payment of money in aid of the railroad to be constructed. It enacts, that "it shall be lawful for the said commissioner or commissioners" (for whose appointment provision was made by the 1st section) "to borrow on the faith and credit of the said town" a certain sum of money, at a rate of interest not exceeding seven per cent., for a term not exceeding thirty years, and to execute bonds therefor under their hands and seals. The instruments sought to be treated as bonds under the statute are not under seal, although their wording shows that sealing was contemplated, as a necessary part of their execution. This action is brought upon a certain number of coupons detached from bonds so executed without seals. The coupons are not themselves sealed, nor are any of them executed by the signature of more than one commissioner. They are, therefore, subject to all the difficulties which the bonds are liable to. The defect, if it be one, being in the execution, which does not pursue the direction of the statute, neither the plaintiff nor any one else can have become possessed of the bonds without knowledge of the absence of seals and of the requirements of the statute in that regard. This action is on the instruments, and the recovery can be only had on them. The law which authorizes bonds to be issued prescribes the form and mode in which they are to be executed. They are to be under the hands and seals of the commissioners. Instruments under their seals and not under their hands, or under their hands and not under their seals, are alike not executed in conformity with the statute, and are alike inoperative to create an obligation against the town. The principle is involved in People v. Mead, 24 N. Y. 114, where instruments called in the statute bonds were held properly executed without being sealed, the act directing their execution to be under the official signatures of certain designated officers, and that mode of execution having been employed. Various cases have been cited showing that a party required to give an instrument under seal, cannot, in an action against him, insist on his own omission to seal the instrument, as a defence. Such was the case of an unsealed bond on attachment, (Kelly v. McCormick, 28 N. Y. 318,) and in the case of U. S. v. Linn, 15 Pet. [40 U. S.] 290, where the bond of a surety for a receiver of taxes was unsealed. The court held, in that case, that the instrument was a good obligation at common law, unsealed. Other cases resting on the same grounds are cited, but none of them give any countenance to the idea that a mere statutory power can be so executed as to impose an obligation, unless the statutory authority is pursued. In Town of Coloma v. Eaves, 92 U. S. 484, 489, 490, stress is laid upon the fact that the execution of the instruments was in exact conformity with the provisions of the statute; and it is held, that, by such an execution, the statutory prerequisites to the issuing of the bonds are established in favor of a bona fide holder for value. In the same case, the doctrine of the courts of the United States is stated, perhaps, in its broadest form, in support of the rights of bona fide holders of municipal bonds, so far as compliance with precedent conditions prescribed by statute is concerned, where the requisite legislative authority has been given to a municipal corporation, or its officers, to issue municipal bonds. But, in none of the cases have I found even an intimation that anything will serve to supply the want of an execution such as the statute calls for. Indeed, it seems plainly to result from the fact that the power originates only from the statutory grant, that the statute must be followed in order to make out an execution of the statutory power.

The verdict must be set aside for the erroneous ruling at the circuit in respect to the want of the seal, and a new trial must be ordered, with costs to abide the event.