THE BOARD OF COMMISSIONERS OF CHARITIES AND CORRECTIONS OF THE COUNTY OF KINGS, RESPONDENT, *v.* PHILIP HAMMILL AND PATRICK NEWMAN, APPELLANTS.

*Bond given by a disorderly person — must comply strictly with the order therefor — it will be void if taken for a greater sum than that prescribed by the order.*

The bond given by a person convicted of being a disorderly person, for refusing to support his wife, must comply strictly with the terms and conditions of the order made under the statute providing for the same, otherwise it will be void.

Where the order required the offender "to give security in the sum of $250" for his good behavior and for the weekly support of his wife, and a bond was taken in the sum of $500, it was held to be void.

The fact that the instrument signed is unsealed is of no importance.

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the court without a jury.

*James W. Ridgway*, for the appellants.

*A. Simis, Jr.*, for the respondent.

BARNARD, P. J. :

The undertaking upon which this action is brought, is not good under sections 899, 900 and 901 of the Code of Criminal Procedure. By those sections one who abandons wife or child, without adequate support, is declared a disorderly person, and he may be compelled to give security by a written undertaking "that he will support his wife and children and will indemnify the county, city, village or town against their becoming within one year chargeable upon the public." The present undertaking requires by its conditions that Philip Hamill shall be of good behavior towards the people for one year, and that he pay seven dollars weekly for the support of his wife for one year. Obligations taken in any other case or manner than such as are provided by law are void. (2 R. S., 286, § 59.) By chapter 395 of the Laws of 1871, amended by chapter 171 of Laws of 1882, the legislature provided that in Kings county, where this conviction was had, the magistrate may fix a weekly sum, which shall be paid by the offender, for the support of his wife or children and for

his good behavior for one year.   The law requires a bond, " in such sum as such justice of the peace or police justice shall direct, with good and sufficient surety " for those purposes.   By section 962 of the Code of Criminal Procedure this local law remains unaffected.   The undertaking cannot be upheld under this law.   The complaint avers nothing but the execution of the bonds and its breach.   Annexed to it is the bond.   By the recital in the bond it appears that the offender " was required to give security in the sum of two hundred and fifty dollars " for his good behavior and for the weekly support of the offender's wife.   The bond taken was in $500.   The order is the only basis for the bond, and a bond in excess of the order is void under the statute above cited.   The sum mentioned in the order limits the power of the officer, and if he exacts an undertaking for a greater sum the undertaking is clearly within the statute and void.   (*Toles* v. *Adee*, 84 N. Y., 222; *Cook* v. *Freudenthal*, 80 id., 202.)   The surety can only be held for the penalty of a bond, and if the proper penalty had been inserted in this bond the recovery would exceed it.   The fact that the paper is unsealed while the law calls for a bond is of no importance.   (*Kelly* v. *McCormick*, 28 N. Y., 318; *People ex rel. Fiedler* v. *Mead*, 24 id., 114.)   The excess of the penalty of the bond beyond the order requires a reversal of the judgment.

DYKMAN, J., concurred; PRATT, J., not siting.

Judgment reversed, with costs.