## LEVY *a.* NICHOLAS.

*New York Superior Court; General Term, April,* 1863.

### LIABILITY OF BAIL.

Special bail who have become fixed, cannot, in an action against them as such bail, show, either in bar of the action, or in mitigation of damages, that, before the recovery of judgment against their principal, he was, and at all times since has been, utterly insolvent, and had no property whatever that could, or was liable to be applied towards the payment of such judgment.

Appeal from an order sustaining a demurrer to part of an answer, and directing judgment for the plaintiff thereupon.

The action was brought upon an undertaking of bail, given by the defendants Thomas Stacy and Anastasius Nicholas, upon the arrest of one Edwin R. L'Amoureux, upon an order of arrest granted in a civil action against him under the Code of Procedure.

The undertaking was in the usual form.

The complaint alleged, besides the arrest, and the execution of the undertaking, which was in the sum of $2,000, that the plaintiff had recovered judgment in the former action against L'Amoureux, and after execution against property issued and returned unsatisfied, he had issued execution against the person, which was returned "defendant not found," and that the condition of the undertaking had been broken, and he demanded judgment for the sum of $1,300.08, the amount of the judgment against L'Amoureux.

The defendant Nicholas answered, denying various allegations of the complaint, and proceeding as follows:

"And for a second and distinct defence as to the claim of the plaintiff in this action, or as to the principal or some part thereof, or in mitigation of the damages (if any) to be recovered in this action, this defendant further says, that before and at the time of the recovery of the said alleged judgment in the complaint specified, and also before and at the respective times of the issuing and return of the said two alleged executions in the said complaint also specified, and of each of them respectively, the said Edwin R. L'Amoureux was, and ever since has been, and still is, utterly insolvent.

"And that before and at those several and respective times, the said Edwin R. L'Amoureux had no property whatever that could, or ought to be, or was liable to be applied to or towards the payment or satisfaction of the said judgment or any part thereof."

To this second defence in the answer the plaintiff demurred, and the cause was heard at special term in October, 1862, before Mr. Justice Barbour, who sustained the demurrer, and ordered judgment thereon for the plaintiff.

The defendant now appealed.

*S. Whitehorne*, for defendant, appellant.

*S. B. H. Judah*, for plaintiff, respondent, cited *Petersdorff on Bail*, 351; *Code*, §§ 187, 291; 2 *Chitt. on Pl.*, 177; 1 *Ib.*, 104, 105; *Gilbert on Debt*, 395; McCreery *a.* Willett (23 *How. Pr.*, 129); Renick *a.* Orser (4 *Bosw.*, 384); 2 *Rev. Stat.*, 3 ed., 479, §§ 34–36.

Levy *a.* Nicholas.

By the Court.*—Bosworth, Ch. J.—The only question presented by this appeal is, whether special bail who have become fixed, can, in an action against them, as such bail, show, either in bar of the action or in mitigation of damages, that, before the recovery of judgment against their principal, he was, and at all times since has been utterly insolvent, and had no property whatever that could, or was liable to be applied towards the payment of such judgment.

That fact is not one of those which the Revised Statutes (2 *Rev. Stat.*, 383, §§ 33 and 34) provide may be pleaded or presented as a ground for relieving bail.

On a breach of the bail-bond given on the arrest of a defendant, conditioned for his appearance, and putting in bail, such bail are liable for the amount of the debt or demand against the principal, the costs of the original suit, and of the suit on the bond (to the extent of the penalty of such bond (2 *Rev. Stat.*, 349, §§ 11 and 12; *Ib.*, 358, § 12). And special bail, who have become fixed, and are liable as such, can only be relieved by paying the judgment against their principal (that not being larger than the sum in which they undertook as bail) and the costs of the action against themselves. (*Graham's Practice*, 426, 427; Blaney *a.* Holt, and Same *a.* Hardell, 3 *Nev. & Mann*, 529. See Stever *a.* Sornberger, 24 *Wend.*, 275; Gregory *a.* Levy, 12 *Barb.*, 610; and *Code*, §§ 199 [174] and 200 [175.])

Such was clearly the measure of the liability of special bail; and the character and extent of the relief to which a plaintiff, on such a state of facts, was entitled before the Code.

Sections 468 of the Code declares, that " all rights of action given or secured by existing laws may be prosecuted in the manner provided by this act."

Rights given, or liabilities created and defined by existing laws, are not modified, impaired, or diminished by the general provisions of the Code prescribing the procedure to be conformed to in civil actions.

The order should be affirmed.

Robertson, J.—The undertaking of the defendant was, that the debtor in the former suit (L'Amoureux) should at all times

* Present, Bosworth, Ch. J., Robertson and Barbour, JJ.

Levy a. Nicholas.

render himself amenable to the process of the court during the pendency of the action, and to such as might be issued to enforce the judgment therein. They have at all times authority to produce the person of the debtor in their exoneration, and the plaintiff in such action was entitled to insist on the production of the body or payment of the debt. They were not public officers upon whom the execution of process may devolve, even against his will, but volunteers; such as are most usually friends of the party arrested. The order of arrest would be of little avail to procure the payment of a debt, if the sureties for his appearance could refrain from producing his body, and speculate on their ability to prove his insolvency, when the most important witness might be absent. For an accidental inability to produce the body of the debtor at the time, the court may furnish relief. (Baker *a.* Russel, 11 *Barb.*, 304.) But if negligent or indifferent in attempting to produce it, the law implies either indemnity or fraud, and makes the sureties liable. Bail may also be substituted for the actual deposit of the amount for which the defendant is ordered to give bail, and which amount would be unconditionally applied to satisfying the judgment. (*Code*, §§ 199, 200.) The change of security ought not to alter the plaintiff's rights. Besides this, the plaintiff is bound to test the solvency of the debtor by exemptions against his property and the facility of procuring his person as a pledge by an execution against it (2 *Rev. Stat.*, 382, §§ 29, 30), and any fraud or collusion in the efforts by such executions to collect the amounts due, deprives him of the right to proceed against the bail. (*Ib.*, 383, § 31.)

The Code of Procedure re-enacts the cases for exonerating bail originally provided for in the Revised Statutes, as amended by a statute passed in 1845. (2 *Rev. Stat.*, 382, § 32 ; *Sess. Laws of* 1845, chap. 231, § 3; *Code*, § 191.) One of them is the legal discharge of the debtor ; not from the debt, but from the obligation of rendering himself amenable to process, showing that the plaintiff was to have the money or the defendant's body, if amenable to process, as security for the debt. The same principle is laid down in elementary works.

I therefore concur in affirming the order appealed from.