By the Court.—Freedman, J.
The order of May 15, 1871, requiring defendant’s attorneys to attend before the justice making the same, on May 17, “for the purpose of resettling the order of May 10, granted in exoneration of the defendants’ liability on the undertaking prosecuted in this action,” was not merely an order to show cause, or equivalent to a notice of motion," but an absolute direction to appear for the purposes of a resettlement; and as the questions arising under *366 the same were argued and the judge took the papers and reserved his decision, the order of May 10 became thereby re-opened for farther consideration, and until the rendition and .entry, in the form of another order, of the said judge’s final decision, it stands without force or effect.
The subsequent indorsement made upon the papers by the said judge over his initials, to the effect that he cannot disturb the first order, is not sufficient to restore the latter to life, fío order is complete, so that an appeal can be taken from it, until it is entered and the motion papers are filed (Smith v. Dodd, 3 E. D. Smith, 215).
Even in the case of a formal order it has been held that the written direction of the judge at the foot of the order, “Enter this,” will not suffice for the purpose of appeal, but actual entry must be made (Whitaker v. Desfosse, 7 Bosw. 678).
The order in this case should be reentered in conformity with the decision made by the judge who ordered it to be resettled, and a copy of it served. And as the court never allows a party to be prejudiced by its own delay, the thirty days, within which an appeal may be taken under section 332 of the Code, must be deemed to run from the time of the service of the written notice of such order, after re-entry (Bowman v. Earle, 3 Duer, 691).
If I am correct in these views, it follows that plaintiff’s motion, made at a special term held by another judge, so far as it prayed for the vacation of the order of May 10, and for its re-entry as of the date of such re-entry, was properly denied as an unnecessary application.
Upon the other branch of the case I will point out, although my associates express no opinion upon it, that the Code substantially re-enacted the law in regard to exonerating bail as it stood at the time of the adóp *367 tion of the Code (2 Rev. St. 380, as amended by chap. 231 of Laws of 1845 ; Levy v. Nicholas, 19 Abb. Pr. 282; S. C., 1 Robt. 614). Under the former practice the bail could, as a matter of right, at any time pending the suit, or before the return of the ca. sa. against their principal, surrender him in their discharge, and could plead the render in any action against them.
The court also, as matter of favor, allowed the bail a further time, after the return of the ca. sa. In such case, if the plaintiff proceeded against the bail by action of debt, the bail had eight entire days in full term, next after the return of the process against them, wherein to render their principal; or where the suit against them was by declaration, eight days after the service of the declaration. And after the expiration of the eight days allowed ex gratia, the bail could, in a proper case, obtain a further extension. Any allowance, however, of further time, after the return of the ca. sa., being mere matter of favor, could not be pleaded, but the bail could have the full effect of it upon the motion. Pleas by bail in bar of the suit brought against them were regulated by the statute, but a render after suit was not permitted to be thus pleaded.
In analogy to that practice which is still in force so far as it is not inconsistent with the provisions of the Code, a surrender by bail of their principal, under section 191 of the Code, within twenty days after the commencement of the action against them, or within such further time as may be granted by the court, cannot be set up as a defense, by way of answer, to defeat plaintiffs’ cause of action, which has fully accrued before the surrender. Whatever relief the bail may be entitled to' by reason of such surrender, whether in the shape of a discontinuance of the action against them upon or without terms, or otherwise, must be applied for and obtained on motion and on notice to the plain *368 tiff (see Hayes v. Berryman, 21 How. 143; Davidson v. Taylor, 12 Wheat. 604). Consequently, the court, at special term, had the power to grant, and perhaps might have granted, provided the application had been regular, that part of plaintiffs’ motion which prayed for the setting aside of the answer alleging, as a defense, the fact of the surrender after the commencement of the action. But the denial of such relief does not constitute error in this case (1), because the .application was not distinctly made on the ground here suggested, and (2) because, although made on the ground of irregularity,^plaintiffs’ notice of motion did not state the irregularity complained of, as required by the rule. Upon an appeal from an order denying a motion to set aside proceedings for irregularity, if the irregularity is not stated in the notice of motion, the appellate court may presume that the motion was denied for such defect in the notice (Lewis v. Graham, 16 Abb. Pr. 126).
For these reasons the order appealed from should be affirmed, with costs.