WILLIAM PALEN, Receiver, etc., Appellant, v. JOSEPH C. JOHNSON, Respondent.

By the provisions of section 3 of the usury laws of this State (1 R. S., 772, § 3), the right of action of a borrower, who has paid usurious interest, for the recovery of the excess is terminated at the end of one year, and is then transferred to the officers named in section 4. (ALLEN and FOLGER, JJ., dissenting.)

(Argued February 23, 1872 ; decided June 20, 1872.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial district, affirming a judgment entered upon a verdict.

Plaintiff was appointed receiver of the property of one Henry Bouge, in proceedings supplementary to execution.

As such receiver he brought this action to recover various sums alleged to have been paid in excess of legal interest upon various usurious loans from defendant to said Bouge. The complaint contained eleven counts. The last count was to recover the balance collected by defendant, alleged to have been transferred to him by Bouge as security for a loan over and above the amount of the loan. The transactions set forth in the first ten counts occurred in 1859 and 1860. The action was brought in 1863. The defendant demurred to the first ten counts and denied the last, alleging a purchase of the note.

The demurrer was sustained upon argument at Special Term and the order was affirmed by the General Term. Upon the trial of the issue of fact, the court directed a verdict for the defendant.

*George F. Comstock* for the appellant. The right to recover back the money paid for usury by the judgment debtor to the defendant was capable of assignment, and vested in plaintiff as receiver. (Code of Procedure, §§ 298, 244; *Meech* v. *Stoner*, 19 N. Y., 26; *Porter* v. *Williams*, 9 id., 142; *Bosanquet* v. *Dashwood Cas Temp*, Talbot, 37.) The right of action to recover money paid as usury existed at common law, and the limitation is six years. (*Wheaton* v. *Hibbard*, 20 John., 290; *Porter* v. *Mount*, 41 Barb., 561; *Palmer* v. *Lord*, 6 John. Ch., 95; *Meech* v. *Stoner*, 19 N. Y., 26; *Schroeppell* v. *Corning*, 2 Seld., 107, 115, 118; S. C., 5 Den., 236, 241; *Smith* v. *Bromley*, 2 Doug., 696; *Dey* v. *Dunham*, 2 John. Ch., 191; *Camp* v. *Bates*, 11 Conn., 500; *Tregoning* v. *Altenburg*, 8 Bing., 97; *Bosanquet* v. *Dashwood Cas Temp*, Talbot, 37; *Barrow* v. *Rhineland*, 1 John Ch., 550.) The objection as to limitation can be taken by answer only, and not by demurrer. (Code, § 74; 10 How. Pr. R., 383; 23 id., 140; 36 Barb., 628; 16 How. Pr. R., 546.)

*John H. Strahan* for the respondent. The facts alleged are not sufficient in law to constitute a cause of action. (*Dix*

v. *Van Wyck,* 2 Hill, 522, 524; *Seymour* v. *Marvin,* 11 Barb., 80; *Mumford* v. *Am. Lf. Ins. and T. Co.,* 4 N.Y., 485; *Boughton* v. *Smith,* 26 Barb., 639; *Curtis* v. *Leavitt,* 15 N. Y., 153–4, 229; *Butterworth* v. *O'Brien,* 23 id., 277; *Meech* v. *Stoner,* 19 id., 26.)

Per CURIAM. The provisions of 1 R. S., 772, § 3, differ essentially from those of 1 R. L., 64. The latter act authorized the party paying usurious interest to sue for the excess, within one year after payment, *in an action of debt founded on that act;* and in default of such action by the party paying the usurious interest, any other person might, within one year after such default, sue for and recover it. Upon the language of that act it was held that the remedy which it gave was merely cumulative, and that the limitation of one year only applied to an action founded upon that act, leaving the common-law right of action in force. This construction was placed upon the ground that there were no words in the statute either expressly or impliedly negativing the common-law remedy. (*Wheaton* v. *Hibbard,* 20 Johns., 292; *Palmer* v. *Lord,* 6 J. Ch., 95.)

The language of the Revised Statutes (1 R. S., 772, § 3) is significant of an intention to change the law. It provides that every person who shall have paid excessive interest "may recover *in an action* against the person who shall have taken or received the same, and his personal representatives," the amount so paid "if such action be brought within one year after such payment or delivery." If such suit be not brought within the said one year, then, by section 4, the sum paid may be recovered by any overseer of the poor of the town, or superintendent of the poor of the county, in which the payment shall have been made.

The limitation of one year, contained in the former act (1 R. L., 64) is therein in terms applied to an action of debt, *founded on that act.* The right to bring that particular action was given for one year only. A new form of action was thus created which might be resorted to during one year;

but there was no express or implied restriction upon previously existing rights of action. The provision of the Revised Statutes does not purport to create any new form of action, but simply declares that the excess of interest may be recovered back by the party paying it in "an action," if brought within one year. The limitation is coextensive with the right declared, and plainly implies a prohibition of any action by that party after one year. That part of the section which declares, that excessive interest may be recovered back, in an action by the party who has paid it, is simply declaratory of the existing law. The condition which follows must operate as a restriction upon the right so declared; otherwise, it can have no operation whatever. The act recognizes the common-law right of action and regulates its exercise.

This view is confirmed by reference to the further change in respect to the bringing of an action after one year.

By 1 R. L., 64, the right to sue after one year was given to any common informer. It vested in no one until it became fixed by the bringing of an action, and, for this reason, may not have interfered with the common-law right of action of the borrower. But by 1 R. S., 772, § 4, if the borrower does not sue within one year the right of action is transferred to certain designated officers of the town or county in which the payment of interest was made; and the time within which they may bring the action is extended to three years. It can hardly be supposed that the legislature intended that a right of action, during these three years, should exist in the borrower as well as in the public officers named; and it is still more unreasonable to suppose that it was intended that the right of the borrower should be suspended during three years, and, on their expiration, revived for a further term of two years. We think that the obvious and natural construction of the statute is that all right of action terminates, as to the borrower, at the end of one year,

and is then transferred to the officers named, who may enforce it for three years thereafter.

The judgment should be affirmed.

All concur, except ALLEN and FOLGER, JJ., dissenting.

Judgment affirmed.