The Court affirmed the judgment appealed from, and adopted as the ground thereof, the opinion below which was as follows :
Hardin, J.
The conceded facts present for determination the single question involved in this action. Does the charge and payment of thirteen dollars and fifty cents in excess of seven per cent, as a condition of-the discount of the note mentioned in the complaint, render the note absolutely void in the hands of the plaintiff, or does it merely work a forfeiture of the entire interest which the note carries with it ?
To determine this question it is necessary to give a - construction to chapter 163 of the laws of this State, passed April 9, 1870.
No judicial construction of the statute was cited on the argument in this case.
But it is claimed in behalf of the defendants, that the" decision made by the court of appeals in First National Bank of Whitehall v. Lamb, 50 N. Y., 95, holding that no privilege or immunity from the usury laws of the State is conferred upon national *288 banks by the act of Cotigress of 1864, and a contract for a loan made in this State with one of these organizations, by which it reserves a greater rate of interest than seven per cent, is void, places these institutions upon an equality with individuals, and subject to the general statute of this State in respect to usury ; that State associations like the plaintiff here áre on an equality with national banks organized under the act of Congress.
Such construction of chapter 163 gives but little effect to its provisions. Some of its provisions would be wholly without effect or significance. It is a cardinal rule to be observed in the construction of a statute, that full effect or force should be given to all' its provisions if possible (13 Wis., 57).
The first section in express terms confers authority upon such associations, “to take, receive, reserve and charge on every loan or discount made, or upon any note, bill of exchange,or other evidence of debt, interest at the rate of seven per cent. per. annum, and such interest may be taken m advance.”
It also expressly limits the forfeiture in case the violation of the authority conferred shall take place;
“It expressly declares that the “ knowingly taking a rate of interest greater than aforesaid, shall be held and adjudged a forfeiture of the entire interest which the note or other evidence of debt carries with it, or which ha,s been agreed to be paid thereon.” It therefore appears that the statute has declared and limited the consequences of taking a rate greater than aforesaid.
That such is the limitation of the forfeiture contained in the act of Congress was assumed by Rapallo, J., in delivering the opinion of the court in Bank v. Lamb, supra. The same words are used in the statute now under consideration, and the assumption of the court in respect to the extent of the forfeiture is therefore applicable and controlling here.
It must therefore be assumed that the first section *289 confers upon the State associations the right to reserve seven per cent, interest, and limits and defines the forfeiture in case a “greater rate is received.”
This conclusion is strengthened by the subsequent provisions in section 2, in respect to repeal of other statutes. It declares that “ all acts and parts of acts inconsistent with the provisions hereof are hereby repealed.”
The provision of the general law declaring void all contracts when a greater rate than seven per cent, is reserved, manifestly is inconsistent with the provisions of the first section above quoted.
It therefore in express terms is repealed quo ad the associations organized like the plaintiff under the act of 1838. ,
So far, in the language already adverted to of the first section, “its true intent and meaning” are clear and definite; and privileges and immunities inconsistent with the provisions of the general law, are conferred upon State associations absolutely and without restrictions or qualifications in respect to any' other class or kind of institutions.
Following the power or authority given as aforesaid and the forfeiture declared in case of any violation thereof knowingly, it is provided that (1) “in case a greater rate of interest has been paid, the person, or persons paying the same or their legal representatives may recover back twice the amount of the interest thus paid from the associations taking or reserving the same; provided that such action is commenced within two years from the time the excess of interest is taken,” (2) but the purchase, discount or sale of a tona fide bill of exchange, note or other evidence of debt payable at another place than the place of such purchase, discount or sale, at not more than the current rate of exchange for collecting the same, in addition to the interest, shall, *290 not be considered as taking or receiving a greater rate of interest than seven per cent, per annum.
These two particulars are found in the thirtieth sec- ‘ tion of the act of Congress. They are new in some respects in the statutory laws of this State. Before the legislature passed this enactment, the borrower could maintain an action to recover the excess paid if his action was commencéd within one year, and his right to recover terminated at the end of one year (1 R. S., § 3 ; Palen v. Johnson, 50 N. Y., 49).
The second particular being the same in respect to the purchase, discount or sale of a bona fide bill of ex- . change is a new permissive statutory provision, though it has been declared judicially that such purchase or discount was not usurious under the general statutes of the State in respect to usury (Lees’ Bank v. Walbridge, 19 N. Y., 135).
This provision declared permissible just what" the decisions had held was not prohibited.
Following the words given in' the two particulars already quoted assimilating the privileges of the two classes of institutions, are found, in the second section of the State act, these words“ It is hereby declared that the true intent and meaning of this act is to place the banking associations organized and doing business as aforesaid, on an equality in the particulars in this act referred to with the national banks organized under the act of-Congress entitled, &c.”
In' giving effect to these words of section 2, it must be borne in mind that it has been judicially determined by the highest court in this State,, that the act of Congress limiting the forfeiture to the interest has reference to the banks organized under the act in those States and territories where no rate is fixed by law. In other words, that certain national banks are by the act . of Congress authorized to charge seven per cent., and if they take or reserve more, the forfeiture is limited to *291 such excessive interest, or twice that, amount if sued for within two years. Would it not be more reasonable to suppose the legislature (after conferring, as before shown, in express terms upon State institutions power to receive seven per cent, and providing that the forfeiture shouldbe of the excessive interest in case of violation), intended to place State institutions in that respect “ on an equality with the national banks organized under the act of Congress,”, that were by the act entitled to the same privilege and immunities as were expressly conferred by this act, than to suppose that by a declaration of the intent and meaning of the act the words of the first section were to be overthrown, so that no effect could be given to their express and clear scope ?
There are no words in the second section restricting the words “the national banks organized under the act of Congress” to the national banks located in their places of business in this State.
A construction which should apply these words so as to refer to banks located in States and territories where there are laws upon the subject of usury would find no more support from the words of the act, than would the construction which should apply these words to those national banks in States and territories where no rate is fixed by law.
It having been declared in Bank v. Lamb, supra, that two classes are referred to in the national act, it may be fairly regarded as an open question in respect to which class reference is made in the second section of the act here under consideration.
A construction is always to be preferred which shall give full .significance and effect to all the words of an enactment, over one which renders nugatory portions of the language employed (Potter’s Dwarris on Stat., 182 and note ; Beals v. Hale, 4 How. U. S., 37).
“If the king’s patent may be good to two intents then it shall be taken most beneficially to the king, but *292 if it may be to one intent 'good and to one intent void, then it should be taken to that intent which makes the grant good and not that which makes it void ” (1 Coke, 45). The same rule applies to statutes (15 Johns., 358; 31 N. Y., 290 ; 8 Taunt., 13).
So too a proviso or saving clause which is repugnant to the body of the act is void (27 Penn. State, 303).
But suppose it be urged that the legislature assumed that all national banks had the privileges and immunities conferred by the first section of their enactment, in respect to State institutions, then may it not be replied with great force, that acting upon the assumption, a legislative constrnction was given to the act of Congress, and such construction adopted and incorporated in the legislative enactment and made applicable to the State associations %
Either view harmonizes the declaration in the second section with the antecedent language granting privileges to the State associations, and limiting the forfeiture to the interest in case of a violation of its permissive language.
If the reference in the second section as to national banks is to that class in States where the rate of interest is regulated, it is difficult to find in the same section any words limiting the reference to those of that class located in this State any more than to those located in the State of Illinois, where the rate of interest is ten per cent, by law.
It is essential to refer the words “ the national banks organized under the act of Congress” in the second section, to the class existing in States and territories where the rate is not limited, in order to give effect to the words limiting the forfeiture to the interest, otherwise they would be nugatory.
It was held in 24 Pick., 370, that a construction of a statute which would lead to absurd consequences should be avoided.
*293 The first .section in clear terms declares that the knowingly taking, receiving, reserving or charging a rate of interest greater than aforesaid (to wit: seven per cent.) shall be held and adjudged a forfeiture of the entire interest which the note, bill or other evidence of debt carries with it, or which has been agreed to be paid thereon.
The forfeiture is declared in specific language as to the plaintiff, a State association, and the expression of one forfeiture is by its clear terms an exclusion óf all others (Dudley v. Mayhew, 3 Comstock, 9 ; 50 N. Y., 49).
And as before shown, all acts inconsistent being repealed, so far as State associations are effected by them, and the repeal being absolute, quo ad such institutions, it follows that the plaintiff being a State association to which the act of 1870 applies, has upon the admitted facts forfeited the entire interest which the note in suit carries, and thirteen dollars and fifty cents agreed to be paid thereon in excess of seven per cent, per annum, and that the general provisions of the statutes of this State in respect to usury are repealed as to the plaintiff a State association.
Judgment ordered for the plaintiff.