Sedgwick, J.
The decision of this demurrer involves a construction of section 30, of 13 U. S. Stat at L., June 3, 1864, as to the time within which an action for an excess of interest received by the plaintiff on a usurious loan by it to the defendant may be brought.
*219 The act declares that every association may receive on a loan or discount, “interest at the rate allowed by the laws of the State or Territory, where the bank is located, and no more.” . . “And the knowingly taking,” &c., “a rate of interest greater than aforesaid shall be held and adjudged a forfeiture of the entire interest, which the . . . evidence of debt carries with it, or which has been agreed to be paid thereon. And, in case a greater rate of interest has been paid, the person or persons paying the same . . may recover back, in an action of debt, twice the amount of interest thus paid, from the association taking . . the same: Provided, That such action is commenced within two years from the time the usurious transaction occurred.”
Whether or not the statute gives a general cause of action, based upon the illegality of a national bank taking more interest than is allowed by the law of the State where the bank is situated, as declared by the first part of the section, in addition to the particular causes of action given thereafter, such general cause of action to be governed by the statute of limitations of the State or of the United States, in case there should be one, is to be determined solely by the intent of the section. It was competent, of course, for Congress to declare that a borrower should have no such general cause of action.
I am of opinion that the section provides in its special clauses, for all the causes of action that result from an infraction of the section. The special clauses are so framed and attached to the rest of the section, that thereby is implied the negative of there being a general cause of action so to call it.
The statute did not take away the right to recover the principal of a loan on which usurious interest had been taken or agreed for. It proceeds to say, that the taking or charging a usurious rate, is to be held a forfeiture of the entire interest, and if a usurious rate *220 has been paid, twice its amount may be recovered back, provided the action has been begun within two years. An entire scheme of protection, involving a policy peculiar to it, is thus given to a borrower. In case the interest has been paid, twice the amount of the usurious rate may be recovered, and in all other cases, the bank forfeits all right to the interest.
At common law, if the borrower were oppressed, as he was supposed to b¿, by the usurer, and paid the usurious rate, he could recover it, because, although in pari delicto, he was a victim. The United States statute gives an action in such a case of a peculiar kind, which makes the borrower whole and enforces the policy of the statute.
At common law, if he had not paid the usurious interest, and then, on demand, voluntarily paid it with the principal due, in the absence of some statutory action he could not recover the excess of interest back. Under the United States statute the interest being forfeited, if the borrower voluntarily pays it, without something more, but for the action to be brought within two years, the borrower cannot recover it back.
So that we see the statute by a way of its own provides for all the cases in which a borrower may be protected, just as did the common law, and in such a form, that to me it seems clear, that the particular provisions are meant to include all the consequences to be attached to a violation of the provision that says a bank shall take the interest of the particular State and no more (Farmer’s, &c. Nat. Bank v. Dearing, 1 Otto, 29 ; Palen v. Johnson, 50 N. Y. 49 ; Smith v. Marvin, 27 Id. 137; Wheaton v. Hibbard, 20 Johns. 290). The reasoning of Palen v. Johnson is to be applied in this case, and the United States statute takes hold of the right of action, under the general prohibition, and regulates its exercise, just as in that case the statute took hold of the right under the *221 section declaratory of the common law and regulated its exercise.
Palen v. Johnson is a precedent to allow advantage being taken by demurrer of a limitation of this kind, instead of by pleading the statute of limitations.
On general principles it seems to me clear, that, if, especially when all circumstances of oppression are wanting, the borrower chooses to pay voluntarily, his action is confined to the statute.
There are some parts of the counter-claim which refer to interest received within two years. There is a doubt raised, whether part of the counter-claim, being on this point good, a demurrer will lie to the whole counter-claim. It is unnecessary to decide this at this time, because I find a fatal objection to the whole counter-claim.
It is based upon an objection peculiar to the defendant John Boylan, individually. This is not proper matter for a counter-claim, unless [there could be, under the pleadings, a several judgment against him. There could not be, because the complaint is upon a judgment against him and another jointly. Without at all deciding that if this judgment were against an indorser and a maker of a note, it is joint, there is no allegation of the answer that such is the character of the judgment, or that the defendant is liable thereon as a surety. The answer says that if the plaintiff have any claim against him, it is only on his liability as surety, but this supposition of possibility does not refer to the judgment pleaded, for the defendant denies that there was such a judgment, by denying any knowledge of its execution or any information sufficient to form a belief as to its existence (Perry v. Chester, 12 Abb. Pr. N. S. 131; Bathgate v. Haskin, 59 N. Y. 533).
The demurrer should be ¡Sustained with costs with leave to amend within twenty days upon payment of costs. No amendment should be permitted, however, *222 which includes in a counter-claim sums paid for alleged usurious interest, both before and after the commencement of the two years specified by the statute, but they may be separately stated, so that the question of law may be clearly settled.
There was no appeal, and defendant amended his answer.