# SUPREME COURT.

GOTLEIB GRISSLER and another agt. HOLLIS L. POWERS and JOSEPH G. BROWNING.

*Mortgage — sale thereof for less than its face — Estoppel — Trust — Creditors — Usury.*

Where a mortgage was made without consideration, but was assigned by the mortgagee as a valid security to a *bona fide* purchaser for an amount less than its face, the purchaser relying upon the representations of the mortgagor and mortgagee that the mortgage had been issued for its full value,

*Held*, that the assignee, upon a sale by him of the mortgage for its face, was not a trustee for the mortgagor, nor his creditors, as to the difference between what he paid for the mortgage and the sum which he received upon its sale.

*Schaffer* agt. *Reilly* (50 *N. Y.*, 61) and *Freeman* agt. *Auld* (44 *id.*, 50) distinguished.

*Special Term, April,* 1877.

BROWNING made a mortgage for $20,000 to Stuyvesant, but the same, as between the parties, was without consideration. The mortgage was sold and assigned by Stuyvesant to Powers for the sum of $16,600, it being represented to Powers at the time by both mortgagor and mortgagee, the mortgagor making an affidavit thereto, that the mortgage was an honest security, and that the amount had been actually received by the mortgagor as a consideration for the mortgage. Powers acted upon the representations and believed them.

Powers subsequently sold the mortgage for the full amount thereof, and assigned the same to the purchaser. The plain-

tiff, a judgment creditor of Browning, his judgment being recovered after the transaction, claimed that Powers held the difference between what he paid for the mortgage and the sum which he received on its sale, as a trust for Browning and his creditors, and that it was liable to his debts.

*John I. Townsend*, for plaintiffs.

*Gleason & Cator*, for defendants.

VAN VORST, *J.* — I am referred to no case as a direct precedent for this action. I infer it is sought to be sustained as a corollary from what has been decided in other cases.

I am referred to *Schaffer* agt. *Reilly* (50 *N. Y.*, 61). But an examination of that case shows that the person whose claim was preferred to the mortgage had an actual lien upon the mortgaged premises before the mortgage had validity.

But in the case under consideration the plaintiffs had no lien, legal or equitable, upon the mortgaged premises, or any property of Browning, before the 3d day of October, 1868, when defendant Powers purchased the mortgage, and it acquired validity.

Before that time plaintiffs had not even an acknowledged indebtedness against Browning. The notes, which are the foundation of his judgments, were not given until some time afterwards.

The case of *Freeman* agt. *Auld* (44 *N. Y.*, 50) differs materially from the one we are considering, and gives no favor to the plaintiff's action. In that case there was a mortgage for $4,000, $2,000 was advanced by the Home Insurance Company, but a further loan of $2,000 was contemplated; it had never, in fact, been made.

The mortgagor conveyed the premises, subject to the mortgage, which the grantee agreed to pay. It was decided that the grantee, under his covenant, could be compelled to pay to the assignee of the mortgage the whole amount secured

thereby; but that the assignee would hold the balance over and above what the Home Insurance Company had advanced, as a trustee for the mortgagor, as unpaid purchase-money on the conveyance of the premises. There was good ground for characterizing the relation between the assignee, of the mortgage and the mortgagor as one of trust. The assignee, when he took the mortgage, knew that only $2,000 had been advanced thereon by the Home Insurance Company. That is all he, in fact, himself gave for the mortgage; he credited the balance to the mortgagor, and in the beginning placed himself in the attitude of a trustee, and that understandingly. But in the case we are now considering, the defendant Powers purchased the mortgage upon the understanding that it was a good and valid security for the whole amount thereof. He believed it was such.

The mortgagee professed to sell the entire security as one upon which the whole amount had been paid to the mortgagor. The mortgagor himself represented such to be the fact, and made an affidavit thereto. There could, therefore, as to him, be no resulting trust. If the security was valid, the assignee could sell and assign it at a discount from its face. The loss would fall upon him, and not upon the mortgagor. And, in view of the representations made at the time of the purchase and assignment thereof, the mortgage must be deemed to be such as it was represented to be — a good and valid security for the face thereof.

As between the mortgagor and the defendant Powers, there is no stable ground upon which a trust relation can rest. Upon his own statement, Browning had no interest whatever in the mortgage moneys. He had already received the same.

The plaintiffs' claim, as projected in the complaint, is, that the defendant Powers, from the time he acquired title to the bond and mortgage, held the same in trust for Browning, for the difference between what he paid for same, $16,600, and $20,000 which he received from the person to whom he afterwards assigned it.

As far as Browning is concerned, I should conclude that he was estopped, by his declarations and affidavit, from asserting that Powers held the money in trust for him.

That a party is not to be heard who alleges things contradictory to each other is an elementary rule of logic, and is applied in courts of justice (*Broom's Legal Maxims*, 169).

A person is not to be allowed to shift his ground, by conflicting statements, according to what he conceives to be his interest. The rule is that where a person who, by his words or conduct, willfully causes another to believe the existence of a certain state of things, and induces him to act on that belief, so as to alter his own previous position, the former is concluded from averring against the latter a different state of things as existing at the same time (*Pickard* agt. *Sears*, 6 *A. & E.*, 469; *Nickells* agt. *Atherstone*, 10 *Q. B.*, 949).

The evidence is uncontradicted that Powers, in purchasing the mortgage, which was a second incumbrance on the premises, acted on the representations of Browning, who should not be allowed to change his ground. If he could not, I know of no principle which will entitle the plaintiff, a subsequent creditor of Browning, to impress the quality of a trust upon these moneys in his favor.

There is nothing in evidence which leads to the conclusion that the scheme of Browning was projected to defraud his creditors, by creating fraudulent incumbrances on his property.

In the case of *Payne* agt. *Burnham* (62 *N. Y.*, 69) it was held, in an action in equity to foreclose a mortgage which had been made without consideration, and was purchased from the mortgagee at a discount, that the assignee could recover only what he had paid for the mortgage. The defense of usury was interposed in the action by the mortgagor. It was held that the mortgagor was estopped from availing himself of the defense by an affidavit which he had made of the goodness of the mortgage.

It may well be that when a party goes into a court of equity to enforce a mortgage, and it appears that it was invalid

in its inception, and had been negotiated at a usurious rate, that upon interposing the affidavit of the mortgagor, as an *estoppel in pais*, he should be limited to its use as an indemnity only.

I do not think it by any means follows from that case that Powers, having sold the mortgage for its face, holds the profit he made on the transaction, as a trustee for Browning. Such conclusion would be in opposition to the expressed intention of the parties: that Powers purchased and was entitled to the whole mortgage.

The plaintiffs' complaint makes no averment that the negotiation of the mortgage was an attempt to evade the usury laws.

Even in case of usury, the borrower must by action seek to recover the amount of the excess within one year. This transaction took place and the money was received by Powers in the year 1870 (*Palen* agt. *Johnson*, 50 *N. Y.*, 49).

The allegations in the plaintiffs' complaint, that Powers had notice of all the matters therein alleged at the time he took the mortgage, are not proven. If they had been, the trust would have been established, and the plaintiff entitled to recover; as it is, the proof does not make out a case for the plaintiff, and the complaint is dismissed.