## CITY COURT OF NEW YORK.

JAMES WALSH agt. CHARLES SCHULZ, impleaded.

*Bail — Exoneration by death of principal — Application must be made before time to answer expires — Code of Civil Procedure, sections 600, 601.*

Where the bail apply to be exonerated on account of the death of their principal, the application must be made before their time for answering expires.

*Special Term, June,* 1884.

MOTION to exonerate bail.

McADAM, *C. J.* — Section 191 of the old Code of Procedure re-enacted the cases for exonerating bail provided for in the Revised Statutes, as amended by the act of 1845 (*Chap.* 231; *Levy agt. Nicholas,* 19 *Abb. Pr.,* 282; *S. C.,* 1 *Robt.,* 614). Sections 600 and 601 of the present Code of Civil Procedure were substituted for the provisions of law previously in force on the same subject. The determination of the present application depends, therefore, upon the construction to be placed on those sections. Section 600 provides that in certain specified cases the court may, "before the expiration of the time to answer," and upon notice to the

adverse party, make such an order for the relief of the bail as justice requires. Section 601 provides that, except in an action to recover a chattel, the bail must be exonerated when either of the following events occur " before the expiration of the time to answer," in an action against them: 1. The death of the original defendant. 2. His legal discharge from the obligation to render himself amenable. 3. His surrender to the sheriff of the county, &c. The same section also provides, that "where either event occurs, after the commencement of the action against the bail, the court may, in its discretion, impose the plaintiff's costs and expenses, incurred after the return of the execution against the person as a condition of allowing the exoneration."

The first portion of section 601, therefore, enumerates the events in which the discharge must be granted, one at least of which must occur " before the expiration of the time to answer;" and the second portion of the same section, interpreted in harmony with it, is by necessary implication made to read, " where either event occurs after the commencement of the action against the bail (and before the expiration of the time to answer), the court may, in its discretion, impose the payment of costs, &c. This is in accord with the rule of interpretation of statutes which requires that all the parts must be made consonant to each other; that which follows with what went before (*Potter's Dwarris on Statutes*, 128), and is also in harmony with the practice which prevailed under the Revised Statutes of requiring the bail, where they applied for exoneration after suit brought, to pay the costs of the action. That it is the proper construction is evidenced by the balance of the section, which reads, " and the court may by an order made on notice to the adverse party grant such further time as it deems just after answer for the surrender of the original defendant. In that case his surrender within the time so granted has the same effect as if it had been made before answer." The provision of the Code last referred to demonstrates that " after answer" the surrender of the original

Walsh agt. Schulz.

defendant is the only ground upon which the bail may be exonerated.; and they can be exonerated (after answer) only in cases in which the time to make the surrender has been extended by order of the court. This provision gives the court a discretion to exonerate the bail at any time pending the action on surrendering the principal, but it does not give such power or discretion in case the defendant dies or is legally discharged so that he cannot be surrendered. There may be reason for this distinction, for according to the terms of the bail-piece the plaintiff is entitled to the body of the debtor or the money. The legal effect of the bond is that the plaintiff shall have one or the other. The penalty may be severe, but it is a risk the bail have voluntarily assumed. It would have been absurd to have inserted in the Code a provision granting time for the principal to die, or to be otherwise legally discharged, because these are acts which the bail cannot ordinarily control. The surrender of the original debtor is a thing they might eventually accomplish, for the old theory was the bail have their principal upon a string, and may pull the string whenever they please (6 *Modern R.*, 231, 247). Later experience has shown that some debtors, like certain fish, require longer and stronger lines and efforts than others to bring them under proper control, and hence the provision in regard to granting time to the bail to make every honest effort to recapture and surrender their principal was inserted. As the Code contains the only authority for exonerating bail they must bring themselves within its provisions or the application for exoneration must be denied. Under the Revised Statutes the limitation of eight days after the return of a *ca. sa.* (2 *R. S.*, 383, *sec.* 34) for the exoneration of bail was not only regarded a statute of limitations, but a period fixed by a statute, within which only it could be done (*Graham's Pr.* [2d ed.], 434; 2 *Paine & Duer's Pr.*, 31, 32; 1 *Comyn's Dig., title* " *Bail*," 5; *Rawlinson* agt. *Gunston,* 6 *Term R.*, 284). The court has no more power to extend the time than it has to extend the statute of limitations or the time

to appeal.    There are many actions and rights given by statute, provided they are brought or asserted within a limited time, which the courts have no power to allow afterwards (*For examples see Jackson* agt. *Wiseburn,* 5 *Wend.,* 136 ; *Caldwell* agt. *The Mayor,* 9 *Paige,* 572 ; *Bank of Monroe* agt. *Widner,* 11 *id.,* 529 ; *Wait* agt. *Van Allen,* 22 *N. Y.,* 321 ; *Humphrey* agt. *Chamberlin,* 11 *id.,* 275 ; *Grout* agt. *Cooper,* 9 *Hun,* 326 ; *Jackson* agt. *Wood,* 24 *Wend.,* 443 ; *Selover* agt. *Coe,* 63 *N. Y.,* 438 ; *Nat. St. Bank* agt. *Boylan,* 2 *Abb. N. C.,* 216).    It is practically the same in regard to the right of bail to be exonerated.    Prior to the statute the rule was if the principal died at any time before the return of the *ca. sa.* the bail was discharged : but if he died after the *ca. sa.* was returnable, although before the return was filed, the bail were charged and the court could not relieve them (2 *Paine & Duer's Pr.,* 31).    The Revised Statutes relaxed this rule by allowing the bail eight days after suit brought within which to seek exoneration, and now the Code extends the time to apply for exoneration in case the principal dies "before the time to answer expires," but not afterwards.    The bail in the present case answered without applying for exoneration, and the principal died after the time for answering herein had expired. According to the Code, as I have interpreted it, the application was not made in time, the statute has run against the right to apply for exoneration, there is no power in the court to extend the time and the application to exonerate the bail must. be denied.