(164 App. Div. 608)

### GILLERAN v. COLBY.  (No. 6374.)

(Supreme Court, Appellate Division, First Department.  December 4, 1914.)

1. USURY (§ 109*)—ACTION TO RECOVER—LIMITATION.
   Where plaintiff, as inducement for a demand loan in excess of the lawful rate of interest, delivered certificates of indebtedness valued at more than the loan, his action to declare the loan usurious and the transfer of the certificates void, for a retransfer thereof, and an accounting of money received by defendant thereon, was an action brought under General Business Law (Consol. Laws, c. 20) § 372, providing that any person, paying or delivering any greater sum or value than is allowed to be received for a loan, may recover the money or value delivered above the legal rate, by action therefor within one year after payment or delivery, and that, if not brought within one year, it may be brought within three years thereafter by any overseer or superintendent of the poor, which is a limitation, not only of the remedy, but of the time for bringing action, so that a borrower's action not brought within one year was extinguished; the statute not contemplating those actions only in which a money judgment is sought.
   [Ed. Note.—For other cases, see Usury, Cent. Dig. §§ 267–269; Dec. Dig. § 109.*]

2. USURY (§ 94*)—EQUITABLE RELIEF—STATUTE.
   Such an action could not be maintained under General Business Law (Consol. Laws 1909, c. 20) § 373, providing that all bonds, conveyances, or securities whereon is reserved any sum in excess of the legal rate shall be void, and that the court shall declare them void, and enjoin any prosecution thereon, and order them surrendered, as the statute applies only to instruments given or property delivered as collateral ·security for a loan.
   [Ed. Note.—For other cases, see Usury, Cent. Dig. § 195; Dec. Dig. § 94.*]

3. LIMITATION OF ACTIONS (§ 180*)—PLEADING—DEMURRER.
   Where it appears on the face of the complaint that the action was not brought within the time limited therefor, a demurrer to the complaint should be sustained.
   [Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 670–675, 681; Dec. Dig. § 180.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, New York County.

Action by Thomas Gilleran against Thomas E. Colby. From an order granting plaintiff's motion for judgment on the pleadings, defendant appeals. Reversed, motion denied, and demurrer sustained.

See, also, 161 App. Div. 923, 145 N. Y. Supp. 682.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Daniel Day Walton, of San Juan, Porto Rico, for appellant.
John M. Gardner, of New York City, for respondent.

McLAUGHLIN, J. The defendant demurred to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action, and also that it appeared upon the face thereof that more than one year had elapsed since it accrued. After the demurrer had been interposed, plaintiff moved, under section 547 of the Code of Civil Procedure, for judgment on the pleadings. The motion was granted, with leave, however, to the defendant to withdraw the demurrer within 20 days and interpose an answer. The defendant appeals from the order, except in so far as it allows him to withdraw the demurrer and plead anew.

The complaint alleges, in substance, that on the 22d of May, 1908, the defendant loaned to the plaintiff $25,000, to secure the payment of which plaintiff, with others, executed and delivered to defendant a bond and mortgage, payable on demand, with interest at 6 per cent.; that before making the loan, and as an inducement therefor, defendant exacted of plaintiff 8,000 certificates of indebtedness, of $100 each, issued by the Springfield, L. I., Cemetery Society, which plaintiff delivered to defendant as consideration for the loan, in excess of the lawful rate of interest thereon; that defendant has the certificates in his possession and claims to be the owner of them; that they were and are worth more than $25,000; and that certain sums are now due upon them, which defendant threatens to appropriate. The judgment demanded is that the loan be declared usurious, that the transfer of the certificates be decreed null and void, that the same be ordered retransferred to the plaintiff, that a receiver be appointed, and an accounting had of the moneys received by defendant upon the certificates.

[1] The appellant contends that the action is brought under section 372 of the General Business Law, while the respondent insists it is brought under section 373. The determination of the question presented by the appeal depends upon which contention is correct. Section 372 provides that:

"Every person who, for any such loan or forbearance, shall pay or deliver any greater sum or value than is above allowed to be received, * * * may recover, in an action against the person who shall have taken or received the same, * * * the amount of the money so paid or value delivered, above the rate aforesaid, if such action be brought within one year after such payment or delivery. If such suit be not brought within the said one year, and prosecuted with effect, then the said sum may be sued for and recovered with costs, at any time within three years after the said one year, by any overseer of the poor of the town where such payment may have been made, or by any

county superintendent of the poor of the county, in which the payment may have been made."·

Section 373 provides:

"All bonds, bills, notes, assurances, conveyances, all other contracts or securities whatsoever, * * * whereupon or whereby there shall be reserved or taken, or secured or agreed to be reserved or taken, any greater sum, or greater value, for the loan or forbearance of any money, goods or other things in action, than is above prescribed, shall be void. Whenever it shall satisfactorily appear * * * that any bond, bill, note, assurance, pledge, conveyance, contract, security or any evidence of debt, has been taken or received in violation of the foregoing provisions, the court shall declare the same to be void, and enjoin any prosecution thereon, and order the same to be surrendered and canceled."

I am of the opinion that the action is brought under section 372, and not under section 373. The certificates involved were not, according to the allegations of the complaint, delivered as collateral security·for the payment of the loan, but, on the contrary, were delivered as a consideration 'for the loan itself and in excess of the lawful rate of interest. The loan was payable on demand, with 6 per cent. interest, and as collateral security for such payment the bond and mortgage were given. The certificates constituted an excess of interest, and, that being so, an action by the borrower to recover them had to be brought within one year from the time the same were delivered. The right to bring the action at all is given by the statute, which limits the time within which it may be brought. If the borrower does not bring an action within one year, then the cause of action is transferred to the overseer of the poor of the town, or the superintendent of the county, in which the payment of interest was made. Such designated officials may then bring an action within three years thereafter. After the expiration of one year the cause of action, so far as the borrower is concerned, is extinguished.

The respondent contends that section 372 contemplates only actions in which a moneyed judgment is sought; that the complaint states an equitable cause of action, and can be maintained under section 373. I do not think a proper construction of the statute sustains either contention. Section 372 is a limitation, not merely of the remedy, but of the right of the borrower to recover excess of interest, whether represented by money paid or property delivered. Ackerman v. Ackerman, 200 N. Y. 72, 93 N. E. 192; Hamilton v. Royal Insurance Co., 156 N. Y. 327, 50 N. E. 863, 42 L. R. A. 485. The language is that the borrower may, within one year, maintain an action to recover "the amount of the money so paid or value received." As was said in Palen v. Johnson, 50 N. Y. 49:

"The condition which follows must operate as a restriction upon the right so declared; otherwise, it can have no operation whatever. * * * We think that the obvious and natural construction of the statute is that all right of action terminates, as to the borrower, at the end of one year."

[2] Nor can the action be maintained under section 373. That section applies only to instruments given or property delivered as collateral security for the payment of a loan—in this case, to the bond and mortgage. It does not relate to a recovery of excess of interest

paid in money or property, and for that reason Curtiss v. Teller, 157 App. Div. 804, 143 N. Y. Supp. 188; and Crusins v. Siegman, 81 Misc. Rep. 367, 142 N. Y. Supp. 349, cited by the respondent, are not in point.

[3] If the foregoing views be correct, then the action cannot be maintained, because it was not brought within one year after the certificates were delivered. This appears upon the face of the complaint, and the defendant's demurrer should, for that reason, have been sustained. Wood v. Soudder, 155 App. Div. 254, 140 N. Y. Supp. 284. If the allegations of the complaint be true, then leave to serve an amended complaint would be of no benefit to the plaintiff.

The order appealed from, therefore, is reversed, with $10 costs and disbursements, and the motion denied, with $10 costs, and the demurrer sustained. All concur.