Howard T. Hogan, J.
Plaintiff in an action on a promissory note moves for summary judgment. The answer admits the making of a note for $40,000, which on its face provided for interest of 4% per annum, but alleges a superseding oral agreement to pay interest of $100 per week plus 3% per annum, which, constituting usury, is a complete defense. In support of his motion plaintiff charges that he was unrepresented by counsel when the agreements were made and that defendant’s attorney not only prepared the note but was custodian of certain collateral which he surrendered without protest to plaintiff when informed of defendant’s default despite his knowledge of all the facts surrounding the transaction. Plaintiff’s claim that this amounts to an estoppel is strengthened by the admission of defendant’s attorney that he 'was present, presumably to advise defendant, when, he says, the parties agreed orally upon the terms of the loan, and agreed to usurious conditions superseding the written note. The admitted participation of this attorney, active or passive, may well bring this transaction within the rule stated in Haviland v. Willets (141 N. Y. 35, 50) that: “It is equally well settled that where there is a mistake of law on one side, and either positive fraud on the other, or inequitable, unfair and deceptive conduct, which tends to confirm the mistake and conceal the truth, it is the right and duty of equity to afford relief.” Certainly the role played by this attorney should be examined. However the pleadings in their present state do not raise this issue. Upon the state of facts before the *179 court, and limited by the complaint, plaintiff’s motion for summary judgment must be denied. He may, of course, plead over if he is so advised. The counterclaim demanding the return of defendant’s collateral may not be dismissed on the ground that such claim is barred if not prosecuted within one year (General Business Law, § 372). It has been held that this period of limitation applies only to suits for the return of property given as consideration for a loan, in excess of legal interest, and not property given as security. (Gilleran v. Colby, 164 App. Div. 608.)