■ MILL STREET REALTY, INC., et al., Appellants, v STEPHEN L. REINEKE et al., Respondents.—In an action pursuant to General Obligations Law § 5-511, *inter alia*, to declare certain deeds issued by the plaintiffs to the defendants void as part of a usurious loan transaction, the plaintiffs appeal from an order of the Supreme Court, Dutchess County (Benson, J.), entered April 25, 1988, which granted the defendants' motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time barred.

Ordered that the order is affirmed, with costs.

The Supreme Court properly granted the defendants' motion to dismiss the complaint on the ground that the action was barred by the Statute of Limitations. The record reveals that the plaintiffs commenced this action in or about May 1986 to have certain deeds which they delivered to the defendants on February 2, 1981 declared void as part of a usurious loan agreement. The one-year limitations period set forth in CPLR 215 (6) is applicable to this action *(see,* 1 Weinstein-Korn-Miller, NY Civ Prac ¶ 215.11), and the limitations period begins running upon the date payment is made or property is delivered pursuant to the usurious transaction *(see, Palen v Johnson,* 50 NY 49; *Shute v Stattman,* 254 App Div 783; *Robinson v Miller,* 210 App Div 450; *Gilleran v Colby,* 164 App Div 608). Inasmuch as the instant action to have the deeds declared void and for the return of the real property was commenced more than one year after the date of the delivery of the deeds to the defendants, it is time barred.

Moreover, we find unpersuasive the plaintiffs' contention that the complaint should be construed so as to set forth a cause of action pursuant to Real Property Law § 320 to have the deeds declared to be mortgages. While liberal construction of pleadings is favored *(see,* CPLR 3026; *Rovello v Orofino Realty Co.,* 40 NY2d 633), the allegations of the complaint, even when broadly interpreted, demonstrate that the action was solely one to void the deeds on the ground of usury. Lawrence, J. P., Rubin, Sullivan and Balletta, JJ., concur.