Per Curiam.

The defendant cannot take advantage of the misdirection of the capias, after he has appeared to it and pleaded ; it being a defect in the process, which is clearly amend *62 able, (a) (Tidd’s Pr. 91. Stra. 155, 1 Hen. Bl. 222. 8 last’s Rep. 255.) The ground upon which the court below probably gave judgment for the defendant was, that they did not consider the suit to have been actually brought before the prisoner (MKellops)had returned to the limits. The writ, in this case, was actually *made out before the escape, and put into the hands of a third person, to be delivered to the coroner to be served, at such time as the prisoner should be found to have left the gaol liberties. It was, accordingly, carried to the coroner’s house, and left, in his absence, with his wife, during the time of his escape, and before the prisoner had returned; and there can be no question that this is, to all essential purposes, to be deemed the commencement of the action. If the coroner had personally received the writ, before the prisoner returned, there could be no doubt the sheriff would be liable. The delivery of the writ to his wife, at the usual place of his abode, is equivalent to a personal delivery, and such a commencement of the action as would save a debt from being barred by the statute of limitations. The writ, in this case, was placed where it might have been executed, and some efficient act done under it. (Van Vechten v. Paddock, 12 Johns, Rep. 181.) The suing out of the writ has been held, in several cases, by this court, to be the commencement of the suit, and, although there may be some uncertainty, or ambiguity in the term “ suing out the writ,” yet there can be no doubt, that the delivery of the writ to the proper officer, or leaving it at his house, as in this case, for the purpose of being executed, is to be deemed the actual commencement of the suit. (3 Johns. Cas. 145. 1 Caines, 69. 2 Johns. Rep. 342. 3 Johns. Rep. 42. 3 Caines, 133.)
Judgment reversed. (b)

 Vide Low v. Little, post, note (a).

 An action against the sheriff, for the escape of a prisoner in execution from the liberties 'of the gaol, is not well commenced by handing a writ to si person with directions to go and see the prisoner off the limits, and then to deliver the writ to the coroner. The writ must be either actually delivered to the coroner, or left at his office, Or be issued and sent to him, with the absolute, positive and unequivocal intention to commence the suit, while the prisoner is off the limits ; and to support the action for an escape, the fact of the prisoner being off the limits, must be affirmatively, and satisfactorily shown, by direct and positive proof. Nothing will be intended or inferred, unless it be plain and irresistible, to charge the sheriff. Visscher v. Gansevort 18 Johns. Rep 496.