ALBANY,
June, 1838.

Stever
v.
Somberger.

strued together amount to this : an action may be commenced in the superior court by the filing and service of a declaration, but it shall not be so commenced by serving the declaration on a person residing out of the city ; if, however, the action is against several joint debtors, and service has been made upon *any* of the defendants, the plaintiff may proceed to judgment in the same manner as though *all* had been brought into court.

Motion denied.

---

## JACOBS *vs.* FOUNTAIN.

In the action of account, notice of the hearing before the referees need not be given where the defendant has not appeared in the action in person or by attorney.

June, 1838.

IN the action of *account*, where the defendant suffers judgment by default, and does not appear either in person or by attorney, and the cause is referred, the referrees may proceed to take and settle the account without notifying the defendant of the time and place of hearing.   The statute only applies to cases where the defendant has appeared in the action. 2 R. S. 385, § 51.   General Rules of Court, 12.

*H. Brewster*, for defendant.

*P. Cagger*, for plaintiff.

---

## STEVER *vs.* SOMBERGER.

After the time of surrender has expired, the court will not relieve the bail by ordering an exoneretur, on the ground that the defendant is a resident, and not liable to arrest.
Whether the bail can in any stage of the proceedings move for an exoneretur on such ground, quere.

*K. Miller*, on behalf of the bail, moved to enter an exoneretur on the bail piece, on the ground that this is an action of

June, 1838.

ALBANY,
June, 1838.

Payne
v.
Smith.

*assumpsit,* and the defendant a *resident* of this state and not liable to arrest. The plaintiff had proceeded to judgment against the principal, and then brought an action against the bail, who appeared and the cause was put at issue, and now, after the time for surrendering the principal had elapsed, the bail made this motion. Whether the defendant in the original action was a resident of this state or not, at the time of the arrest, was a controverted fact.

*M. T. Reynolds,* opposed the motion.

*By the Court,* Bronson, J. It was for the defendant and not the bail, to take the objection that he was not liable to arrest. But if the bail could ever have been heard, they are now too late.

Motion denied.

---

PAYNE *vs.* SMITH and others.

Where a bill of particulars is delivered with the declaration, and the plaintiff is subsequently served with an order for a bill, he may disregard it and enter the defendant's default for not pleading ; he however cannot do so where the order is for further particulars.

Where a defendant is let in to defend on the merits after a default, the plaintiff is permitted to change the venue so as to enable him to obtain a speedy trial.

June, 1838.   H. H. MARTIN, for the defendants, moved to set aside the default and all subsequent proceedings for *irregularity.* The action was commenced by the filing and service of a declaration and notice of rule to plead, on the 23d April. The declaration contained the common counts in assumpsit, to which was added the copy of a promissory note *made* by Smith and *endorsed* by the other defendants, with a notice signed by the plaintiff's attorney, as follows : " Take notice that this suit is brought on a note, *of which* the above is a copy and a bill of particulars in this cause." On the 5th May the defendant's attorneys obtained and served an order staying the plaintiff's proceedings until a bill of particulars