## GREGORY and FOOT *vs.* LEVY and SEDGWICK.

The sureties to an undertaking of bail, in an action against them after breach, can not question the liability of their principal to arrest or imprisonment.

The undertaking imports that liability, and the bail are estopped from controverting it.

Bail can not defend on the ground of the illegality of the order of arrest, or that no *ca. sa.* could issue upon the judgment. Their only remedy is to move for an exoneretur to be entered on the bail-piece or undertaking, upon surrender of the judgment debtor to the sheriff, as provided by section 191 of the code.

DEMURRER to answer. The action was brought upon an undertaking executed by the defendants as bail for one Sylvester Levy. The complaint alledged that in June, 1851, the plaintiffs commenced an action in this court against Sylvester Levy, for the recovery of a debt due from him. That upon his being arrested and held to bail, under an order granted for that purpose, the defendants executed an undertaking, by which they undertook in the sum of $1000, that said Levy should at

all times render himself amenable to the process of the court, during the pendency of the said action, and to such as might be issued to enforce the judgment thereon. The complaint then averred the recovery of a judgment in that action, by the plaintiffs, for $586,83 ; the issuing of an execution against the property of S. Levy ; the return thereof unsatisfied ; and the issuing of a *ca. sa.* and the return thereof *non est.* Wherefore the plaintiffs claimed that the defendants had become liable to pay to the plaintiffs the amount of the said judgment, and demanded judgment for that sum, with interest and costs.

The answer alledged that the action in which Sylvester Levy was ordered to be arrested was an action founded on contract; that the complaint therein was on two promissory notes made by said S. Levy, and was without any allegation of fraud in the contracting of said debt; and that it did not contain any other allegation which would authorize the arrest or imprisonment of the said Sylvester Levy. That the answer in that action denied the making of the notes, and claimed that if ever made, they had been paid; that upon these issues alone, the action was tried, and the plaintiffs recovered; and that the judgment roll in said action contained only the said pleadings, together with the reply of the plaintiff denying the allegation of payment, set up in the answer, and the order of arrest in said action. Wherefore the defendants denied their liability upon the undertaking.

To this answer the plaintiffs demurred, generally.

*P. Outwater*, for the plaintiff.

*S. D. Dillaye*, for the defendant.

*By the Court*, HUBBARD, J. The demurrer must be sustained, on the ground that sureties to an undertaking of bail, in an action against them after breach, can not question the liability of their principal to arrest or imprisonment. The undertaking imports that liability, and the bail are estopped from controverting it. (*Stever* v. *Sornberger*, 24 *Wend.* 275. *Welland Canal Co.* v. *Hathaway*, 8 *Id.* 481, 2. *Ld. Raym.* 1535.) The

principle of this doctrine is that exemption from arrest is a personal statutory privilege, which the debtor alone can assert. (*Stever* v. *Sornberger*, 19 *Wend.* 121. *See also* 24 *Id. supra.*) That privilege the debtor may waive by submitting to an arrest under a judge's order, and procuring bail. If thus waived, the sureties, in an action against them after forfeiture, can not alledge that the order was improperly made, or that the action was one in which the debtor might have claimed exemption. As against the bail, the law will assume that the action was bailable, was one in which the debtor might have been arrested under section 179 of the code, and hence that a *ca. sa.* under section 288 was properly issued to enforce the judgment. If the debtor does not procure an exoneretur to be entered, the only remedy of the bail, to avoid liability, is to surrender their principal under section 191.

In this view of the case it is unimportant to inquire as to the legal rights of the debtor had he been arrested and applied to be discharged from the *ca. sa.* In the case of *Gridley* v. *McCumber*, (5 *How.* 414,) which was affirmed in this court at general term, upon the sole ground that the judgment embraced a matter of claim for which it was conceded the defendant could not have been arrested, it was held that the application to be discharged, by the debtor, might be made after arrest upon execution, on the ground that the action was one not authorizing an arrest. The question of sureties did not arise; nor did we undertake at general term to settle the question, as to whether the record of judgment should show that the action was one in which the defendant might have been arrested under sec. 179, in order to sustain a personal execution under sec. 288 of the code.

The code, I think, has in no respect affected the liability of bail, for a breach of the undertaking. If a breach occurs, upon return of a *ca. sa. non est*, and an action is commenced, they can not defend on the ground of the illegality of the order of arrest, or that no *ca. sa.* could issue upon the judgment. Their only remedy is to move an exoneretur to be entered on the bail-piece or undertaking, upon surrender of the judgment debtor to the sheriff as provided by sec. 191 of the code.

This demurrer must therefore be sustained, with leave to the defendants to amend on payment of costs.

Demurrer allowed.

