UNITED STATES, RESPONDENT, *v.* HORACE S. ELDREDGE AND ANOTHER, APPELLANTS.

FORFEITURE OF BAIL—UNLAWFUL COHABITATION.—Where two complaints for unlawful cohabitation were filed before a commissioner of the supreme court on the same day, and two bonds given by defendant to appear to answer the complaints, and the accused failed to appear to answer either charge, it is no defense for the sureties when sued to show that defendant could have been convicted upon but one of the charges, or that judgment has been already obtained upon one of the bonds.

*Mr. W. H. Dickson* and *Mr. C. S. Varian,* for respondent.

*Mr. Le Grand Young,* for appellants.

APPEAL from a judgment of the district court of the third district and from an order refusing a new trial. The opinion states the facts.

BOREMAN, J.:

The principal facts of the case are the same as in case No. 6599, heretofore decided at the last January term, ante p. 161, except as to the time of the alleged unlawful cohabitation, and except that in this case two prosecutions, instead of one, are pleaded. The two prosecutions thus pleaded in defense of this action are the indictment of the twenty-fourth of March, 1885, and the prosecution in which the undertaking sued on in case No. 6599 was given. Both of those cases, as well as the present one, were for unlawful cohabitation. It is contended that unlawful cohabitation is one continuous offense, and that it cannot be divided into two or more offenses, and that the present prosecution is not the one on which the accused could have been held. It will be proper for us, therefore, first to examine whether the prosecution in which the undertaking herein sued on was given, could or could not have been the proper one.

The supreme court of the United States has lately decided, in the case of *Ex parte Snow*, 120 U. S., 274, that unlawful cohabitation is a continuous offense, yet that an indictment for that crime would not preclude another prosecution for the same offense committed at a time subsequent to the finding of such indictment. The cohabitation in the present case is alleged to have been committed at a time subsequent to the indictment of the twenty-fourth of March, 1885, and, as a consequence, that indictment would be no bar to the prosecution in which the undertaking herein sued on was given, and cannot be pleaded as a defense in this action.

With the indictment of the twenty-fourth of March, 1885, eliminated from the case before us, there remains for our consideration the question whether the other prosecution, the one on which the undertaking sued on in case No. 6599 was given, is a bar to the present action. The complaint for the arrest of the accused in that case, and the complaint in the present one, were filed before the commissioner on the same day; but the one represented by case No. 6599 was prior in time. The warrants were issued on the same day; the accused was brought before the commissioner on the same day on both warrants; and the undertakings in both cases were on the same day.

The appellants, the sureties on the undertaking herein sued on, claim that if they had surrrendered the accused, or if he had appeared at the time appointed, he would have been entitled to his immediate discharge from custody; that since the institution of this action, the supreme court of the United States having decided that there could be but one prosecution for this offense, therefore the holding of the accused on the charge in this case was unlawful and void, and hence that the holding of the sureties on the undertaking is unlawful and void. The supreme court of the United States did not decide that there could be but one prosecution instituted, nor could that idea have been intended to be conveyed. It would have been contrary to the settled doctrine. It is not infrequent that a second or even a third indictment is found for the same offense; but on one alone is the party tried, and the others are dis-

missed.   In all such cases there can be but one judgment, of either conviction or acquittal; and any such judgment can be pleaded in bar of any other prosecution for the same offense.   But here the accused had not been convicted or acquitted on the charge pleaded at bar, nor on any other charge, for the offense of unlawful cohabitation. The defense set up by the sureties is one that the accused himself could not have availed himself of in his defense on the charge upon which this case is based; much less, then, it would seem, could his sureties do so.

The doctrine of the supreme court of the United States as set forth in the case of *Ex parte Snow*, above referred to, when applied to this case, is that for the time between the finding of the indictment of the twenty-fourth of March, 1885, and the date of complaint before the commissioner, to-wit, the sixteenth day of February, 1886, there could be but one conviction; and not that the pendency of one indictment or prosecution was a defense to a trial or conviction upon another for the same offense.   It is a well-settled rule of law that the pendency of one indictment is no bar to the trial or conviction on a second or subsequent indictment for the same offense: Chitty, Crim. Law, 447; *Com.* v. *Murphy,* 11 Cush.; 472; Whart. Crim. Pl., 472; *U. S.* v. *Herbert,* 5 Cranch, C. C. 87; *Kalloch* v. *Superior Court,* 56 Cal., 236; 1 Archb. Crim., Pl. 110, 111.

The pendency of the former prosecution, that presented by case No. 6599, would not preclude the prosecution in this case.   Had the former prosecution been carried forward to trial and judgment, it could have been pleaded in bar of the action in which the undertaking herein sued on was given, and also of this action.   But as the accused did not appear, and was not surrendered, there could be no trial or judgment.   One prosecution for the time subsequent to the indictment of March 24, 1885, as we have seen, was proper and legal.   The prosecution in which the undertaking sued on was given, was subsequent to that indictment.   Its being subsequent would not, therefore, it seems, render it invalid or illegal.   It might be legal. The pendency of the former prosecution being no defense to this action, we are not in a position to say that the pres-

ent action is illegal or unauthorized. If the accused could have been prosecuted to judgment, the bond to require him to appear was not invalid. Had the accused appeared at the time appointed for the trial, he could not have interposed any legal objection to proceeding to trial in the case in which the undertaking herein sued on was given; nor could his sureties have made any such objection. Besides, had he appeared then, a new indictment might have been presented against him, covering the whole time subsequent to the indictment of the twenty-fourth of March, 1885, and by the undertaking herein sued on he was bound to answer to it. He would not have been entitled, at least, to be discharged *ex debito justitiæ* at that time. The accused should have appeared at the time, and his sureties should have seen that he thus complied with the requirements of the undertaking. They were, to some extent, his jailors, and could have arrested and restrained him to the extent necessary to produce him at the appointed time. They failed to do their duty in not having him there, and he failed to appear of his own will, and the undertaking was duly forfeited. They did not deny then that he was liable to arrest, nor did he deny it. It would seem that they are now estopped from denying that he was liable to arrest upon the charge, to answer which the undertaking herein sued on was given: *Henriques* v. *Dutch West India Co.,* 2 Ld. Raym., 1535; *Welland Canal Co.* v. *Hathaway,* 8 Wend., 481.

It was not for the accused, nor for his sureties, to judge of the propriety or necessity of his attendance at the time, when it was the obvious policy of the law to refer that question to the court whether he was required to appear. "If," to use the language of the supreme court of New Jersey, "he had appeared, . . . and there had been nothing against him, . . . it might have been sufficient cause for the court to have discharged his recognizance, and given him leave to depart; but it was not in itself such leave or discharge. A recognizance, in general, binds to three particulars: *First,* to appear to answer either to a specified charge, or to such matters as may be objected; *second,* to stand to and abide the judgment of the court;

and *third*, not to depart without the leave of the court—
and each of these particulars is distinct and independent.
The party is not to depart until discharged, although no in-
dictment should be found against him by the grand jury,
or although he be tried and a verdict of acquittal ren-
dered:" *State* v. *Stout,* 11 N. J. Law, 124.

The same doctrine if laid down by the supreme court of
Maine, which says that "the right to enforce a recogniz-
ance in no way depends upon the question of the guilt or
innocence of the accused, and that question can only be
determined by trial upon the complaint;" that "the de-
fendant was bound to appear," etc.; and "he cannot set up
the repeal of the statute:" *State* v. *Boies,* 41 Me., 344.

In Pennsylvania it is held that in an action on a recog-
nizance, which originated before a justice of the peace, the
validity of it cannot be questioned, either by proof that it
was illegally taken, or that it was fraudulently taken: *Clark*
v. *McComman,* 7 Watts & S., 469; *Pierson* v. *Com.,* 3 Grant,
Cas. 314.

In New York it is held that sureties on an undertaking
of bail, in an action against them after breach, cannot ques-
tion the liability of the principal to arrest or imprison-
ment; that they cannot defend upon the ground of the
illegality of the arrest. They should have moved for ex-
oneration at the proper time: *Gregory* v. *Levy,* 12 Barb.,
610; *Levy* v. *Nicholas,* 19 Abb. Pr., 282. Various other
states hold the same doctrine.

The supreme court of the United States has held in the
case of *Beers* v. *Haughton,* 9 Pet., 329, that where the ac-
cused would have been entitled to his immediate discharge
if he had been surrendered at the appointed time, the sure-
ties could plead that fact in bar, and thereon be discharged
from their recognizance.

Since that decision of the supreme court of the United
States, the circuit court of the United States (Ninth cir-
cuit), Judge Field presiding, held that, while the accused
was testing the validity of the indictment on the ground
that it stated no offense, he might be admitted to bail,
and, if he were, the recognizance which he should give
would be valid and binding, although the indictment

itself should subsequently be adjudged to be void, as charging no offense: *U. S.* v. *Reese,* 4 Sawy., 635. The circuit court in the case last named said that "the authority of the court to pass upon the validity of the action of the grand jury, and over the defendant while this validity is under consideration, is not an usurped authority, but is an authority essential to the exercise of the general jurisdiction with which the court is clothed over all offenses cognizable under the laws of the United States."

If the doctrine contended for by the appellants is correct, then, to use the language of Judge Field again, in the last-named case, "if the court should refuse to look into the indictment, and to pass upon its validity, the judges would be justly censurable for neglect of duty; but, if the court detained the defendant in custody while considering its validity, the judges would be liable to an action for false imprisonment, if their ultimate decision be that the indictment was void."

At the time that the accused in the case before us was required to appear, the question was under consideration in the courts, although not in this case, whether unlawful cohabitation was a continuous offense, or whether it could be segregated into two or more offenses, and it had not then been held that it was one offense only. In this case, the point had not even been raised, nor was it ever raised by the accused at any time, nor by the sureties themselves, until this action on the undertaking was instituted. The principal might have raised the objection at the time of giving the bail, but he made no such objection then, nor did he make any such objection upon the trial. Not having appeared for trial, a denial of his liability to arrest was a privilege which belonged to him, to be made at the proper time; and it did not belong to his sureties after the time had expired for an application for exoneration for the sureties, and after the bail had become fixed: *Stever* v. *Somberger,* 19 Wend., 121, 24 Wend., 275; *Lyon* v. *Auchincloss,* 12 Pet., 234.

In the case of *Beers* v. *Haughton,* above referred to, there was no question pending as to the validity of the charge or of the arrest; there was no question of doubt

to be settled, but the accused's right to a discharge from custody was absolute, clear, and unqualified. Had there been any such unsettled question as in the present case, it is manifest that the court would have held that the accused was not entitled to his immediate discharge had he been surrendered, or had he appeared at the proper time. The doctrine of *Beers* v. *Haughton* is grounded upon the idea that the surrender of the accused would have been an idle ceremony, because he would have been immediately released from custody, and the bail could have pleaded that as much as they could have pleaded the death of the accused: *Duncan* v. *Darst*, 1 How., 308. But the death of the principal could not have been pleaded after the bail was fixed: *Davidson* v. *Taylor*, 12 Wheat., 604; *Olcott* v. *Lilly*, 4 Johns., 407.

So we do not see that the doctrine of *Beers* v. *Houghton* is at all applicable to the case at bar; for nothing whatever appears in this case to show that the accused would have been entitled to his immediate discharge if he had appeared or been surrendered. On the contrary, he could have been held and tried upon the charge, to answer which the undertaking herein sued on was given. There can be doubt of this fact. The only ground that could have been urged against his being so held and tried, would have been that he had already been tried, and convicted or acquitted, upon another charge for the same offense, if such had been the fact; but such does not appear to have been the fact, and, of course, it could not have been pleaded or urged. There is, therefore, no ground nor reason for saying that the undertaking herein sued on is a nullity.

The charge being valid, the undertaking to answer thereto is valid. The action upon the other undertaking, the one sued on in case No. 6599, above referred to, has gone to judgment, but such judgment was not paid nor otherwise discharged, nor pleaded in defense to this action, but that case is still contested and pending on appeal to the supreme court of the United States from the judgment therein.

With the present case in judgment, then, two judgments

will exist against the bail of the accused, on two separate charges for the same offense. It is an anomalous situation, but one of the accused and his sureties' own making; for this double responsibility could have been avoided by the accused having been produced in court at the appointed time. Trial and judgment upon one of the charges or indictments would thus have been reached. The accused then could not have been called to trial upon the other, and the undertaking on the charge not tried would never have been forfeited, and the sureties thereon could never have been held liable. It is not the province of the accused, nor of his sureties, to decide upon which charge he should have been prosecuted, or held to answer; that was a matter for the government to decide. As a consequence, neither the accused nor his sureties can question the validity of either undertaking for his appearance at the appointed time. If the sureties could plead exoneration from one undertaking by reason of the existence of the other, it is possible that it might have been done in case No. 6599, where it might have been said, if said at all, that the second arrest for the same offense should release the sureties on the first undertaking: *Medlin* v. *Com.*, 11 Bush., 605. But of this we express no opinion. The question was not raised on the former case. It certainly cannot be raised on the present one.

The other questions arising in this case arose in a case between the same parties decided at the last January term of this court, and for our views thereon we refer to the opinion filed in that case. We see no reason for holding the undertaking herein sued on to be invalid; nor do we see any error of law in the case. The judgment of the district court is therefore affirmed.

ZANE, C. J., and HENDERSON, J., concurred.