# SUPERIOR COURT,

## SPRING SESSIONS,

## 1888.

---

JOHN M. HOUSTON *v.* WM. D. SEDGEWICK, special bail of Clayton C. Thackery.

*Capias ad Respondendum—Bail.*

An affidavit prescribed by act of assembly to hold a defendant to bail in a civil action is a part of the process to bring him into court, and any objection to it on the ground of defect, deficiency or irregularity in it, may be, and must be taken advantage of by the defendant in the first instance, and before he has given bail, or entered appearance; and if he fails to do so, he must be considered to have waived his objection to it, and neither he nor his bail can afterwards avail himself of the objection.

(*New Castle, February, 1888.*)

CAPIAS AD. RESPONDENDUM on general demurrer to the fifth plea, there being no affidavit filed.

*John H. Rodney* for plaintiff: 7 T. R., 3735; 1 East, 330; 15 Barb. 26; 1 Mich., 266; 25 Barb., 333; 5 Cow., 15; 7 Cow., 366; 17 Johns., 63; 12 Barb., 610; 28 N. Y., 318; 44 N. Y., 162; 20 E. C. L., 378.

*Benjamin Nields,* for defendant: It is admitted that no affidavit of fraud was filed before the writ of *capias ad respondendum* was issued in this case.

1 Tidd, 171, 294; 3 Ch. Pl., 979; *Petersdorf on Bail*, 243, 20 Ill., 152; Hall, Dig., 213, 43, Mich., 19; *Bradford*, 38, N. J., 247; 111 Mass., 160; 5 T. R., 250; 1 East, 383; 6 Mod., *Petersdorf on Bail*, 405; 16 Wall. 366, 371; *Rodney*, 7 T. R., 373; 1 East, 330; 15 Barb., 26; 1 Mich., 266; 25 Barb., 333; 5 Cow., 15; 7 Cow., 366; 17 Johns., 63; 12 Barb., 610; 28 N. Y., 318; 44 N. Y., 162; 20 E. C. L., 378; 2 Sellons, Pr., 64; 2 Ld. Raym., 1096; 6 Mod., 304. See *Black v. Seal* in this court in 1883.*

*Edward G. Bradford* on the same side. 38 N. J., 247; 111 Mass., 160; 5 T. R., 250.

The reason for it is that if the defendant is arrested on such a writ and does not give bail for his appearance he must still be detained in custody by the Sheriff until the return of the writ.

1 East, 383; 6 Mod. *Peters on Bail*, 405; 16 Wall., 366, 371.

*Rodney* replied: 2 Sellons, Pr., 64; 2 Ld. Ray., 1096; 6 Mod., 304.

In the case of *Black v. Seal* of on a writ of habeas corpus to be discharged from the custody of the Sheriff on a writ of *capias ad respondendum*, heard in this court at the September term, 1883, it was for the first time ruled that the discrimination in our statute of 1875, between a citizen of this State and a citizen of another State of the Union, in regard to the affidavit required by it to precede the issue of a writ of *capias ad respondendum* is unconstitutional and consequently null and void.

HOUSTON, J. In my opinion the demurrer in this case must be sustained. The practice of the court of King's Bench in England as stated by Mr. Tidd in regard to affidavits required to hold to bail in a civil action, is as follows: " If there be no affidavit, or if the affidavit be defective, or not duly filed, or if the sum

---

*NOTE.—See 6 Houston, 541.

sworn to, be not endorsed, the Court will discharge the defendant upon common bail. And then he adds : " But if the affidavit be merely informal, the defendant cannot object to it, after he has voluntarily given a bail bond, put in or perfected bail above, taken the declaration out of the office, pleaded to the action, or let judgment go by default." 1 *Tidd's Pr.*, 164. But notwithstanding he refers to no less than ten adjudged cases in support of this general proposition, I have not found that any one of them sustains the latter portion of it, or the qualification of it, on which the counsel for the defendant in this case relies, that it is only where the affidavit is informal or defective, and not where it is wholly wanting, as in this case, that the defendant can object to it after he has voluntarily given bail bond, put in or perfected bail above, taken the declaration out of the office, pleaded to the action, or let judgment go by default. On the contrary, we find that in the case of *Norton v. Danver's*, 7 T. R., 375, that at that term of the Court of King's Bench many applications were made to discharge defendants out of custody on filing common bail who had been arrested since the passing of a recent act of Parliament for restraining for a limited time payments in cash by the Bank of England, which enacted that no person should be holden to bail unless the affidavit made for that purpose should contain not only every thing required by the statute 12 *Geo.* I. *c.* 29, but also state that no offer has been made to pay the sum of money sworn to, in notes of the said bank ; this act not having been adverted to, and this requirement of it having been omitted in filing the affidavits before referred to in the many applications. It being a question of great importance, the Court did not decide it at first, but on a subsequent day in the term, they thought themselves bound by the positive words of the act, and made most of the rules absolute for discharging the defendants out of custody, or for setting aside the bail bonds, but with costs. The contention of counsel against the rule in the case of *Norton v. Danvers*, was that the defendant had waived all objections to the bail bond ; first, because he had not objected in the last term ; and, secondly, because

he had voluntarily given the bail bond; the fact being that on receiving information that a writ had been taken out against him on the 27th of June last he gave the bail bond. The counsel for the rule contended, first, that the defendant had not waived his right to take advantage of the objection, either on account of the time that had elapsed since the bail bond was given, it having been given only a few days before the end of the last term; or on account of his having voluntarily given the bail bond, that having been given merely to prevent the arrest. Secondly, that this was a defect in the proceedings themselves which the defendant could not waive, and not simply an irregularity in the mode or time of proceeding.

LORD KENYON, C. J. "If any error appeared on the proceedings of the Court, I admit that the defendant could not waive without giving a release of error; and it has been doubted how far an error in law can be confessed: but the affidavit to hold to bail is only process to bring the party in, and if he choose to waive any objection to that, he may do it; and in this case I think he has waived taking advantage of this objection. If, indeed, the defendant had been actually under arrest at the time, his consent to give a bail bond would not have been binding on him, because it might be considered as given under duress: but here he voluntarily gave this bail bond; and on that ground only my opinion is founded."

"*Per curiam.*"                              "Rule discharged."

But in this case the application of the defendant to be discharged on common bail was not refused by the Court on the ground of a mere informality in the affidavit to hold to bail, nor was it predicted on any mere informality in it, but upon the ground distinctly recognized and ruled by the Court in the decision of it that the affidavit to hold to bail is only process to bring the party in, and if he choose to wave any objection to that, he may do it. For that is the broad and general principle ruled in the case by the Court, although in that particular case they discharged the rule on the ground only that defendant had voluntarily given the bail bond without waiting for arrest.

From note *a* appended by the reporters to this case, page 376, it appears that length .of time was afterwards holden in *Fenwick v. Hunt* to be no waiver of the objection. But in a subsequent case, *Levy v. Daponte*, it was ruled that the defendant could not take advantage of the objection after he had pleaded.

But the broad principle announced in the case of *Norton v. Butler* was afterwards on further consideration approved and affirmed by the same court in the case of *D'Aegent v. Vivant*, 1 East, 330, upon a rule to show cause why the bail-bond given to the Sheriff by the defendant in the case, should not be delivered up to be cancelled, and an exoneretur entered on the bail-piece, on the defendant's filing common bail; which rule was obtained on the ground of a defect in the affidavit made to hold the defendant to bail, the same having been made by the plaintiff without giving herself any addition, but only describing herself by the place of her abode. The facts were that the defendant having been arrested by process returnable the first return of the term grounded upon this affidavit, put in bail on the 27th of January, and made this application on the next day but one, the 29th.

After Jervis had been heard in support of the rule, who relied on *Jarret v. Dillon*, ante 18, and *Barrow* against the rule, who cited *Jones v. Price*, ante 81.

The Court took time to consider the cases with a view to settle the practice in future; and now Lord Kenyon, C. J., delivered their opinion. After stating the rule and the facts above mentioned, he proceeded as follows: "That the affidavit is defective for want of such addition cannot be disputed. The Rule of Court of Mich., 15, Car., 2, expressly requires "that the true place of abode and true addition of every person who shall make affidavit in court here shall be inserted in such affidavit." Several instances have lately occurred where defendants have been discharged on filing common bail, because the affidavit to hold to bail was defective in not stating the addition of the party making such affidavit as required by this rule of Court. And the case of *Jarret v. Dillon* in

this Court in the last term, 1 East., 18, the Court on argument by
counsel, made a rule absolute for entering a common appearance
for the defendant on a like defect in the affidavit to hold to bail.
But it has been contended in the present case, that admitting the
affidavit to hold to bail to be defective, yet the Court ought not now
to interpose, the application having been made too late, being the
day after the defendant had put in bail; that this objection is to be
considered in the nature of an objection to process, which the de-
fendant may make before putting in bail or entering an appearance;
but that by putting in bail a defendant waives every objection to
the process.    In the case which has already been alluded to of *Jar-
ret v. Dillon* in the last term, one objection made by the plaintiff
against the rule was, that it was not competant to the defendant to
make any objection to any proceeding in the cause till he had ap-
peared in court by putting in good bail; but the Court notwith-
standing that objection, made the rule absolute, thereby clearly de-
scribing that this was to be considered as an objection to process
which may be taken by a defendant before he has appeared or put
in bail."    And then after reciting and reaffirming the ruling of the
Court in the case of *Norton v. Danvers*, he refers to the case of
*Chapman v. Snow* then recently decided in the Court of Common
Pleas, 1 Bos. and Pul: 132, in which the defendant had been ar-
rested on the 5th day of August, and had put in and perfected bail
above, and a plea had been demanded, and on the 18th of Novem-
ber a rule was obtained to show cause why an *exoneretur* should not
be entered on the bail piece, and a common appearance allowed on
the ground of an omission in the affidavit to hold to bail in not
denying an offer to pay in notes of the bank.    On showing cause it
was alleged that the defendant had waived any irregularity in the
affidavit, first, by putting in bail above; and secondly, by delaying
to apply to the Court till the 18th of November, twelve days after
the commencement of the term.    It was answered on the part of
the defendant that it was impossible for him to make this applica-
tion till he was regularly in court, which he was not until he had

put in and perfected bail. Mr. Justice Heath and Mr. Justice Rooke, who, were the only judges in court when cause was showed against the rule, held that the defendant had waived the irregularity, and discharged the rule. On the next day Lord C. J., Eyre said: "My brothers have mentioned to me a rule for entering an exoneretur on the bail piece, and allowing a common appearance which was yesterday discharged, and I think properly discharged. The defendant is not now in custody, he has put in bail, and is therefore too late to make this application. If he were to be allowed to move now, I do not see why he might not be set at liberty to move after proceedings commenced against the bail. Perhaps, the plaintiff has proceeded against them, and is very near judgment; for anything I know he may have got judgment. Where then is the Court to stop? Here the process is bad; the party does come in the first instance, but does a voluntary act by perfecting special bail; the cause goes on, with a total disregard to what is passed, the bail to the Sheriff we discharged and the whole of that proceeding is gone. Shall the defendant now be allowed to apply to us to discharge the special bail, and introduce common bail in their place? I think he should not be heard." Lord Kenyon, C. J., then proceeds as follows: "In the case of *Jones v. Price*, Michalmas term, 41 Geo., 3, in this court, 1 East., 81, the defendant had voluntarily put in special bail at the return of the writ, justified the bail although not excepted to, and drawn up the rule for the allowance and served on the plaintiff, and within a week after he obtained a rule to show cause why an exoneretur should not be entered on the bail piece on an objection to the affidavit to hold to bail, that it did not negative a tender of the debt in bank notes. It was answered on the part of the plaintiff that the defendant had waived any informality in the process by the above steps which he had taken. To which it was replied for the defendant that this was an application on the part of the bail, who were obliged to justify before they could be heard, and they had taken the objection in a reasonable time afterwards. But the Court said that this was a clear waiver of the ob-

jection; that application should have been in the first instance before the bail had justified; instead of which the defendant had lain by, and suffered the plaintiff to incur additional expense upon the supposition that all the proceedings were right, and then came to complain. But he had adopted the process, and should not then take advantage of any defect in it. These several authorities show that in this court, as well as in the Court of Common Pleas, the affidavit to hold to bail is to be considered as part of the process to bring the defendant into court; that an irregularity in it must be taken advantage of in the first instance, and may be done before bail put in or appearance entered; that such irregularity may be waived by a defendant; and is considered as having been waived when a defendant has voluntarily done an act submitting to such process, instead of taking steps to avail himself of such irregularity which ought always to be done in the first instance. Here the defendant put in bail on the 27th of January, four days after the commencement of the term, during which time he ought to have taken the objection to the regularity of the affidavit under which he had been holden to bail. We are therefore of opinion that he has waived this objection. The consequence is that this rule must be discharged."

This well considered case of *D'Argent v. Vivant*, 1 East., 330, settled, and ought to have settled, the principle of law and practice in such cases in the courts of England, that an affidavit prescribed by act to hold a defendant to bail in a civil action is a part of the process to bring him into court, and any objection to it on the ground of defect, deficiency or irregularity in it, may be, and must be taken advantage of by the defendant in the first instance, and before he has given bail, or entered appearance; and if he fails to do so, he must be considered to have waived his objection to it, and neither he or his bail can afterwards avail himself of the objection. And at a much later day in England, the same principle has been ruled in the Court of King's Bench, that bail sued on the bail bond cannot traverse the arrest. And *Park J.*, said the question whether

or not this security was valid when given, is not touched by the matter subsequent, although that might have been a ground for moving to set the bond aside. The allegation of an arrest was not traversable by the bail. *Taylor and others v. Clow's Executor*, 20 E. C. L., 378.

And the cases to which we have been referred in the New York Reports from the year 1819 down to the year 1870, show that the same rule of practice has been recognized and established to its fullest extent in that State. *Bronson v. Earl*, 17 Johns., 63; *Gregory v. Levy*, 12 Barb., 610; *Kelley v. McCormick*, 28 N. Y., 318; *Bensel v. Lynch*, 44 N. Y., 162. And it has long been the rule of practice in the courts of this State in such cases; but it has been modified or abolished in several of the other States by statutory or constitutional provisions or a different rule of practice which has been established in them.