WILLIAM D. SEDGEWICK v. JOHN M. HOUSTON.

Capias ad Respondendum—Bail.

An affidavit prescribed by act of assembly to hold a defendant to bail in a civil action is a part of the process to bring him into court, and any objection to it on the ground of defect, deficiency or irregularity in it, may be, and must be taken advantage of by the defendant in the first instance, and before he has given bail, or entered appearance; and if he fails to do so, he must be considered to have waived his objection to it, and neither he nor his bail can afterwards avail himself of the objection.

(*January 24, 1890.*)

ERROR to the Superior Court,* New Castle County.

The defendant in error brought suit against one Clayton C. Thackery, in the Superior Court of New Castle County, being capias case No. 7, to May Term, 1883. The defendant, Thackery, gave bond to the sheriff for his appearance, afterwards perfected the said bail, by giving as special bail, the said plaintiff in error, William D. Sedgewick. Judgment was confessed in the suit against Thackery, and 'a *Ca. Sa.* having been issued, and returned "*non est*" against the said Thackery, a *Scire Facias*, upon the recognizance of bail given by the said William D. Sedgewick, was issued.

· The defendant, Sedgewick, among other pleas, pleaded that no affidavit, as was required by law, had been filed by the plaintiff, John M. Houston, in the original suit against Clayton C. Thackery.

To this plea a demurrer was entered, and joinder in such demurrer.

*Benjamin Nields* and *Edward G. Bradford,* for plaintiff in error:

There can be no proceeding by *capias ad respondendum* in this State unless the plaintiff shall have made a written affidavit and

_____
*For decision of this case in court below see 8 Houston, 132.

filed the same in the office of the prothonotary, stating that to the best of his or their belief the defendant has,

1st Absconded or is about to abscond, or

2d. Has secreted, conveyed away, assigned, settled or disposed of either money, goods, chattels, stocks, securities for money or other personal estate or real estate of the value of more than one hundred dollars with intent to defraud his creditors, and shall moreover in such affidavit specify and set forth the supposed fraudulent transaction.

The Act expressly requires an affidavit as the foundation of the action : the legislature made it a condition to the issuing of the writ that the affidavit should be first made and filed.

If no affidavit is made and filed with the prothonotary, there is absolutely nothing to support the proceedings.

Tidd, in his work on practice, Vol. I, pages 171-172, states the law as follows :

" When the cause of action amounts to twenty pounds or upward, and an affidavit thereof is made and filed according to the statutes, the process is bailable ; and the defendant may in general be arrested and holden to special bail   *   *   *   with respect to the cause of action, it is a rule, that where there is a certain debt to the amount of twenty pounds or damages to that amount which may be reduced to a certainty, as in assumpsit or covenant for the payment of money the defendant may be arrested, as a matter of course, on an affidavit shortly stating the cause of action   *   *   *
On the other hand, where the damages are altogether uncertain as in assumpsit or covenant to indemnify, &c., or in actions for a tort or trespass, there can be no arrest, without a special order of the Court, or a judge on a full affidavit of the circumstances."

And on page 189 he says, " If there be no affidavit, or the affidavit be defective or materially different from the process or declaration, or not duly filed, or if the sum sworn to be not endorsed on the writ, the Court will discharge the defendant upon common bail.   But if the affidavit be merely informal the defend-

ant cannot object to it, after he has voluntarily given a bail bond, put in or perfected bail above, taken the declaration out of the office, pleaded to the action, or let judgment go by default."

In *Chitty's Pleadings*, Vol. 3, page 978, the form of a plea in bar on a bail bond that there was no affidavit of the cause of action filed, is as follows :

" Because he says, that there is no such record of the supposed affidavit of the cause of action of the said plaintiff against the said E. F. affiled of record, in the said Court of our lord the King, &c.

If defendant plead there is no affidavit of the cause of action made, plaintiff should produce and prove an office copy in the usual way. The original affidavit must be produced if the declaration state it to have been made by any particular person.

*Saunders on Pleading and Evidence,* Vol. 1, p. 318.

In the case of *Hussey v. Wilson,* 5 Dunford & East, p. 254, the defendant, the maker of a promissory note, was held to bail on an affidavit, stating that the defendant and the endorser were severally indebted to the plaintiff in the amount of the note; the affidavit was on one stamp only. The maker and endorser were also included in the same writ. A rule having been obtained to set aside the bail bond, on this defect in the affidavit, it was now opposed by

*Marryatt,* who relied on the defendants having waived it by having put in bail above before the expiration of the time allowed for that purpose by the practice of the Court.

° *Shepherd,* in support of the rule, said there was a distinction between a mere irregularity in the mode or time of proceeding, and a defect in the proceedings themselves; that this was of the latter kind, and could not be waived by the adverse party, though the former might ;

THE COURT allowed that the distinction was as had been stated, between a mere irregularity and a complete defect in the proceed-

ings, adding that in this case the revenue was also injured by having only one instead of two affidavits.

*King v. Home,* 4th Dunford & East, p. 349 ; *Goodwin v. Parry,* 4th Dunford & East, p. 577.

In the case of *Knowles v. Stevens,* 1 Crompton Meeson & Roscoe, p. 26, the plaintiff brought an action of debt on a bail bond as assignee of the sheriff of Middlesex. The declaration was in the usual form. The plea was that before the suing out of the writ of capias in the declaration mentioned, there was no affidavit of the plaintiff's cause of action, as required by the statutes in such case made, filed in the Court. To this plea the plaintiff demurred specially.

Held. The words of the Statute 12, Geo. 1, are " That if, after the 24th June, 1726, any writ or process shall issue for the sum of ten pounds, or upwards, and no affidavit shall be made as aforesaid, the plaintiff shall not proceed, &c."

The statute does not say " made and filed." To have raised the question upon this Act the defendant ought to have averred that there was no affidavit made."

*Hume v. Leversedge,* 1 Crompton & Meeson R., 332.

The Act of the legislature of Delaware relating to arrests in civil actions, is imperative that " no writ of *capias ad respondendum* shall be issued * * * in any civil action unless the plaintiff shall have made a written affidavit and filed the same in the office of the prothonotary. The writ is wholly and absolutely void unless such affidavit is made and filed ; the Statute prohibits it from being issued, unless such affidavit is made and filed ; that which the law prohibits from being done, cannot lawfully be done by consent.

In the case of Charles D. Stevenson, 32 Mich., p. 60 THE COURT held, that the putting in special bail and pleading in the cause did not operate as a waiver of jurisdictional defects in the affidavit which is the basis of the original arrest.

*Gilman v. Perkins,* 11 N. H., 343.

*Stafford v. Low,* 20 Ill., 152, was an action of debt brought on a bail bond against the principal and sureties. *Held* that the surety upon a bail bond may plead in defense that the affidavit upon which the *capias ad respondendum* issued, did not show a compliance with the requirements of both the Constitution and Statute.

*Learned v. Bailey,* 111 Mass., 160; *Toulmin v. Bennett, et al.,* 3 Stewart & Porter (Ala.), 220; *Wood v. Young,* 9 Porter's R. (Ala.), 208; *Brown v. Kelley,* 20 Mich., 27.

It never could be presumed, that a debtor gratuitously and without any benefit, would give such a bond; the bond was required by law before he could regain his liberty, and it was given to relieve the debtor from imprisonment. As a bond required by law it is void; as a voluntary bond good at common law, it cannot be supported. It was given under confinement and to relieve the debtor from duress—illegally required.

*Beacome et al. v. Holmes,* 13 Sergant & Rawle, 190; *Armstrong et al. v. The United States,* Peters C. C. R., 46; *Thompson v. Lockwood,* 15 Johns, 256; *Thomas v. Seward,* 2 P. & Watts, 475; *Churchill v. Perkins et al.,* 5 Mass., 541; *United States v. Morgan et al.,* Washington C. C. R., 10; *United States v. Brockenborough,* R., 195; *Robinson's Practice,* Vol 5, 519-524; *Wasey v. Mahoney,* 55 Mich., 194; *Sargent v. Roberts,* 52 Maine, 590; *Tucker et al. v. Davis et al.,* 15 Georgia, 573; *Pauer v. Simon,* 6 Bush. (Kentucky), 514; *Dickenson v. State,* 20 Nebraska, 72; *Hauss v. Kohlar,* 25 Kansas, 640.

Special bail are but gaolers pro. tem. of the original defendant, and as such have the right at any time prior to judgment against the original defendant, and suit instituted on the recognizance, to surrender him; they are his custodians by virtue of the original arrest and imprisonment; which imprisonment in contemplation of law continues until the surrender of the defendant.

*Taylor v. Tainter,* 16 Wall., 366; *Nichols v. Ingersoll,* 7 Johns., 145; *Parker v. Bidwell,* 3 Conn., 84; *Ruggles v. Corey,* 3 Conn.,

419; *Commonwealth v. Prickett*, 8 Pick., 137; *89 Law Lib.*, 20 to 32; *3 Barn. & Ald.*, 408.

If by reason of no affidavit having been made and filed as required by law, the arrest and imprisonment are illegal and void, the bail above are not, and cannot be, gaolers of the original defendant, and therefore have no right, or power to surrender him.

The plaintiff cannot by his violation of law, enlarge the obligation or liability of the bail who are mere sureties.

*John H. Rodney*, for defendant in error:

There are three respects in which this case is to be viewed.

1. The right of the original defendant to object to the regularity or sufficiency of any proceeding after having given bail.

2. The right of the bail to the sheriff to traverse the arrest.

3. The right of special bail to traverse or object to the regularity or sufficiency of any of the proceedings prior to the recognizance of bail.

It may be admitted that (under the ruling of the Superior Court in the case of *Seal v. Black*,)* the writ and arrest might have been set aside—and it would have been upon the ground that the writ of *capias ad respondendum* was void, being illegally issued.

An affidavit may be so defective as to be void—and this is recognized in the English books, by discharging the defendant out of custody, upon terms, that no action be brought against the plaintiff.

*Gray v. Shepherd*, 3 Dowl., 442.

If an affidavit is so defective as to be void, it is as if it never was made.

The statute upon which all the English decisions are based is

---

*6 Houston, 541.

that of 12 Geo. 1, Chap. 29, Sec. 2.   This act requires an affidavit to be made and filed, of a cause of action to the extent of £10 or upwards before the issuing of bailable process.

*3 Chitty Practice*, 332.

No change is made in this particular in any of the subsequent statutes and is therefore very similar to our own.

While consent cannot give jurisdiction or the want of jurisdiction be waived, yet statutory provisions for the benefit of the party can be waived.

*Sedgwick Stat. Limit.*, 88–358.

It is here contended on the part of the defendant in error, that the affidavit to hold to bail is part of the process to bring the party into court and may be waived by the defendant.

1.  That the affidavit is part of the process, and can be waived by the defendant is laid down in the text books and in a long line of cases.

*Petersdorf on bail*, 196.

In *Norton v. Danvers*, 7 Durn. & East., 375, *Ld. Kenyon* says : The affidavit to hold to bail is only process to bring the party in, and if he choses to waive any objection to that he may do it.

Also *Levy v. Daponte* (note to above case.)

So in *D. Argent, et al., v. Taylor*, 1 East., 330.

" Any irregularity in the affidavit to hold to bail must be taken advantage of in the first instance, and is waived by the defendants putting in bail."

Also to the same effect *Shawman v. Whalley*, 6 Taunton, 185, recognizing the above case, and harmonizing the practice in the exchequer.

Also see *Atty. Genl. v. Kelsey*, 1 Price, 391, where the Court would not discharge a defendant illegally arrested after appearance or plea.

*Chapman v. Snow*, 1 Bos. & P., 131.

In *Stewart v. Howard*, 15 Barb., 26, " A person not liable to arrest waives his privilege by putting in bail."

In *Stewart v. Hill*, 1 Mich., 266, the Court say : " It is too late after appearance by giving bail to object either to the regularity or sufficiency of the affidavit.

In *Dale v. Radcliff*, 25 Barb., 333, it is said that the appearance of the defendant by putting in bail upon a *cap. ad. resp.* is a waiver of any insufficiency in the affidavit.

If a defendant appears to a writ, although it is absolutely void, he will be considered in Court, and the Court will not set the writ aside.

*Wright v. Jeffrey*, 5 Cowen, 15 ; *Pixley v. Winchell*, 7 Cowen, 366 ; *17 Johns*, 63.

2. Bail cannot traverse the arrest of his principal.

*Haley v. Fitzgerald*, 1 Strange, 643.   In debt upon bail bond, it was objected on demurrer, that the plaintiff had not shown, that the defendant in the original action, was arrested.   Judgment in favor of the plaintiff, because defendant could not traverse arrest.

*Watkins v. Parry*, 1 Strange, 444 ; *Taylor v. Clough*, 20 E. C. L., 463 ; *1 Barn & Ad.*, 223.

3. Can the special bail, object to the sufficiency of the original proceedings.

In actions commenced by " capias," the defendant appears only when he has entered special bail,—perfected the bail above.

In none of the cases is the idea suggested, that special bail can make any defense to the original proceedings.

The undertaking of the special bail is upon the recognizance of bail.

This obligation is to pay the debt, or surrender his principal ; which can be done under Rule XX, any time before the return of the Sci. Fa. against the bail.   Upon the return of that writ, in pleading, the special bail can only set up matter subsequent to his liability, as release or payment, or some objection to the recognizance, as " *nul tiel record.*"

The action against the special bail, is founded upon the recognizance, and the distinct and independent engagement contained in it.

A " *Ca. Sa.*" may be void as to principal, and yet good enough to ground an action against the bail.

*2 Sellon's Practice,* 63, and cases cited.

Bail cannot escape their liability, that their principal was not subject to arrest, nor because the order of arrest was illegal.

*Gregory v. Long,* 12 Barb., 610; *Jewell v. Crane,* 35 Barb., 208; *Kelley v. McCormick,* 28 N. Y., 318; *Bensel v. Lynch,* 44 N. Y., 162; *Campbell v. Palmer,* 6 Cowen., 396.

It is submitted to the Court with confidence, that these authorities show conclusively that the affidavit to hold to bail, is part of the process, to bring the defendant into Court, as much so as the writ, itself, which he can waive " *in toto*" (or if defective, the defect) and does waive, by giving bail to the sheriff. That, if the defendant himself waives this defect, or invalidity, much more is the bail to the sheriff, estopped from traversing the fact of his arrest, or the validity of the writ.

If the defendant and bail to the sheriff cannot take advantage of this invalidity, much less can the special bail, whose obligation is entirely distinct, a matter of record, and whose remedy by surrender of the principal, is always in his own hands. It is submitted, therefore, that the judgment of the Court below, should be affirmed.

`THE COURT affirmed the decision of the court below, which was delivered by Houston, J., as follows :

" In my opinion the demurrer in this case must be sustained. The practice of the court of King's Bench in England as stated by Mr. Tidd in regard to affidavits required to hold to bail in a civil action, is as follows: " If there be no affidavit, or if the affidavit be defective, or not duly filed, or if the sum sworn to, be not endorsed, the Court will discharge the defendant

upon common bail. And then he adds: " But if the affidavit be merely informal, the defendant cannot object to it, after he has voluntarily given a bail bond, put in or perfected bail above, taken the declaration out of the office, pleaded to the action, or let judgment go by default." 1 *Tidd's Pr.*, 164. But notwithstanding he refers to no less than ten adjudged cases in support of this general proposition, I have not found that any one of them sustains the latter portion of it, or the qualification of it, on which the counsel for the defendant in this case relies, that it is only where the affidavit is informal or defective, and not where it is wholly wanting, as in this case, that the defendant can object to it after he has voluntarily given bail bond, put in or perfected bail above, taken the declaration out of the office, pleaded to the action, or let judgment go by default. On the contrary, we find that in the case of *Norton v. Danver's,* 7 T. R., 375, that at that term of the Court of King's Bench many applications were made to discharge defendants out of custody on filing common bail who had been arrested since the passing of a recent act of Parliament for restraining for a limited time payments in cash by the Bank of England, which enacted that no person should be holden to bail unless the affidavit made for that purpose should contain not only every thing required by the statute 12 *Geo.* I. c. 29, but also state that no offer has been made to pay the sum of money sworn to, in notes of the said bank; this act not having been adverted to, and this requirement of it having been omitted in filing the affidavits before referred to in the many applications. It being a question of great importance, the Court did not decide it at first, but on a subsequent day in the term, they thought themselves bound by the positive words of the act, and made most of the rules absolute for discharging the defendants out of custody, or for setting aside the bail bonds, but with costs. The contention of counsel against the rule in the case of *Norton v. Danvers,* was that the defendant had waived all objections to the bail bond; first, because he had not objected in the last term; and, secondly, because he had voluntarily given the bail bond; the fact being that on re-

ceiving information that a writ had been taken out against him on the 27th of June last he gave the bail bond. The counsel for the rule contended, first, that the defendant had not waived his right to take advantage of the objection, either on account of the time that had elapsed since the bail bond was given, it having been given only a few days before the end of the last term; or on account of his having voluntarily given the bail bond, that having been given merely to prevent the arrest. Secondly, that this was a defect in the proceedings themselves which the defendant could not waive, and not simply an irregularity in the mode or time of proceeding.

LORD KENYON, C. J. " If any error appeared on the proceedings of the Court, I admit that the defendant could not waive without giving a release of error; and it has been doubted how far an error in law can be confessed: but the affidavit to hold to bail is only process to bring the party in, and if he choose to waive any objection to that, he may do it; and in this case I think he has waived taking advantage of this objection. If, indeed, the defendant had been actually under arrest at the time, his consent to give a bail bond would not have been binding on him, because it might be considered as given under duress: but here he voluntarily gave this bail bond; and on that ground only my opinion is founded."

" *Per curiam.* Rule discharged."

But in this case the application of the defendant to be discharged on common bail was not refused by the Court on the ground of a mere informality in the affidavit to hold to bail, nor was it predicted on any mere informality in it, but upon the ground distinctly recognized and ruled by the Court in the decision of it that the affidavit to hold to bail is only process to bring the party in, and if he choose to wave any objection to that, he may do it. For that is the broad and general principle ruled in the case by the Court, although in that particular case they discharged the rule on

the ground only that defendant had voluntarily given the bail bond without waiting for arrest.

From note *a* appended by the reporters to this case, page 376, it appears that length of time was afterwards holden in *Fenwick v. Hunt* to be no waiver of the objection. But in a subsequent case, *Levy v. Duponte*, it was ruled that the defendant could not take advantage of the objection after he had pleaded.

But the broad principle announced in the case of *Norton v. Butler* was aftewards on further consideration approved and affirmed by the same court in the case of *D'Aegent v. Vivant*, 1 East, 330, upon a rule to show cause why the bail-bond given to the sheriff by the defendant in the case, should not be delivered up to be cancelled, and an exoneretur entered on the bail-piece, on the defendant's filing common bail; which rule was obtained on the ground of a defect in the affidavit made to hold the defendant to bail, the same having been made by the plaintiff without giving herself any addition, but only describing herself by the place of her abode. The facts were that the defendant having been arrested by process returnable the first return of the term grounded upon this affidavit, put in bail on the 27th of January, and made this application on the next day but one, the 29th.

After Jervis had been heard in support of the rule, who relied on *Jarret v. Dillon*, ante 18, and *Barrow* against the rule, who cited *Jones v. Price*, ante 81.

The Court took time to consider the cases with a view to settle the practice in future; and now Lord Kenyon. C. J., delivered their opinion. After stating the rule and the facts above mentioned, he proceeded as follows: "That the affidavit is defective for want of such addition cannot be disputed. The Rule ot Court of Mich., 15, Car. 2, expressly requires " that the true place of abode and true addition of every person who shall make affidavit in court here shall be inserted in such affidavit." Several instances have lately occurred where defendants have been discharged on filing common bail, because the affidavit to hold to bail was defective in

not stating the addition of the party making such affidavit as required by this rule of Court. And the case of *Jarret v. Dillon* in this Court in the last term, 1 East., 18, the Court on argument by counsel, made a rule absolute for entering a common appearance for the defendant on a like defect in the affidavit to hold to bail. But it has been contended in the present case, that admitting the affidavit to hold to bail to be defective, yet the Court ought not now to interpose, the application having been made too late, being the day after the defendant had put in bail; that this objection is to be considered in the nature of an objection to process, which the defendant may make before putting in bail or entering an appearance; but that by putting in bail a defendant waives every objection to the process. In the case which has already been alluded to of *Jarret v. Dillon* in the last term, one objection made by the plaintiff against the rule was, that it was not competant to the defendant to make any objection to any proceeding in the cause till he had appeared in court by putting in good bail; but the Court notwithstanding that objection, made the rule absolute, thereby clearly describing that this was to be considered as an objection to process which may be taken by a defendant before he has appeared or put in bail." And then after reciting and reaffirming the ruling of the Court in the case of *Norton v. Danvers*, he refers to the case of *Chapman v. Snow* then recently decided in the Court of Common Pleas, 1 Bos. and Pul. 132, in which the defendant had been arrested on the 5th day of August, and had put in and perfected bail above, and a plea had been demanded, and on the 18th of November a rule was obtained to show cause why an *exoneretur* should not be entered on the bail piece, and a common appearance allowed on the ground of an omission in the affidavit to hold to bail in not denying an offer to pay in notes of the bank. On showing cause it was alleged that the defendant had waived any irregularity in the affidavit, first, by putting in bail above; and secondly, by delaying to apply to the Court till the 18th of November, twelve days after the commencement of the term. It was answered on the part of

the defendant that it was impossible for him to make this applica-
tion till he was regularly in court, which he was not until he had
put in and perfected bail.    Mr. Justice Heath and Mr. Justice
Rooke, who were the only judges in court when cause was showed
against the rule, held that the defendant had waived the irregu-
larity, and discharged the rule.    On the next day Lord C. J., Eyre
said : " My brothers have mentioned to me a rule for entering
an exoneretur on the bail piece, and allowing a common appearance
which was yesterday discharged, and I think properly discharged.
The defendant is not now in custody, he has put in bail, and is there-
fore too late to make this application.    If he were to be allowed to
move now, I do not see why he might not be set at liberty to move
after proceedings commenced against the bail.    Perhaps, the plain-
tiff has proceeded against them, and is very near judgment ; for any-
thing I know he may have got judgment.    Where then is the Court
to stop ?    Here the process is bad ; the party does come in the first
instance, but does a voluntary act by perfecting special bail ; the
cause goes on, with a total disregard to what is passed, the bail to
the Sheriff we discharged and the whole of that proceeding is gone.
Shall the defendant now be allowed to apply to us to discharge the
special bail, and introduce common bail in their place ?    I think he
should not be heard."    Lord Kenyon, C. J., then proceeds as fol-
lows : " In the case of *Jones v. Price,* Michalmas term, 41  Geo. 3,
in this court, 1 East., 81, the defendant had voluntarily put in spe-
cial bail at the return of the writ, justified the bail although not
excepted to, and drawn up the rule for the allowance and served on
the plaintiff, and within a week after he obtained a rule to show
cause why an exoneretur should not be entered on the bail piece on
an objection to the affidavit to hold to bail, that it did not negative
a tender of the debt in bank notes.    It was answered on the part
of the plaintiff that the defendant had waived any informality in
the process by the above steps which he had taken.    To which it
was replied for the defendant that this was an application on the
part of the bail, who were obliged to justify before they could be

heard, and they had taken the objection in a reasonable time after-wards. But the Court said that this was a clear waiver of the ob-jection ; that application should have been in the first instance be-fore the bail had justified ; instead of which the defendant had lain by, and suffered the plaintiff to incur additional expense upon the supposition that all the proceedings were right, and then came to complain. But he had adopted the process, and should not then take advantage of any defect in it. These several authorities show that in this court, as well as in the Court of Common Pleas, the affidavit to hold to bail is to be considered as part of the process to bring the defendant into court; that an irregularity in it must be taken advantage of in the first instance, and may be done before bail put in or appearance entered; that such irregularity may be waived by a defendant; and is considered as having been waived when a defendant has voluntarily done an act submitting to such process, instead of taking steps to avail himself of such irregularity which ought always to be done in the first instance. Here the de-fendant put in bail on the 27th of January, four days after the commencement of the term, during which time he ought to have taken the objection to the regularity of the affidavit under which he has been holden to bail. We are therefore of opinion that he has waived this objection. The consequence is that this rule must be discharged."

This well considered case of *D'Argent v. Vivant*, 1 East, 330 settled, and ought to have settled, the principle of law and practice in such cases in the courts of England, that an affidavit prescribed by act to hold a defendant to bail in a civil action is a part of the process to bring him into court, and any objection to it on the ground of defect, deficiency or irregularity in it, may be, and must be taken advantage of by the defendant in the first instance, and before he has given bail, or entered appearance ; and if he fails to do so, he must be considered to have waived his objection to it, and neither he or his bail can afterwards avail himself of the objection. And at a much later day in England, the same principle has been

ruled in the Court of King's Bench, that bail sued on the bail bond cannot traverse the arrest. And *Park J.*, said the question whether or not this security was valid when given, is not touched by the matter subsequent, although that might have been a ground for moving to set the bond aside. The allegation of an arrest was not traversable by the bail. *Taylor and others v. Clow's Executor*, 20 E. C. L., 378.

And the cases to which we have been referred in the New York Reports from the year 1819 down to the year 1870, show that the same rule of practice has been recognized and established to its fullest extent in that State. *Bronson v. Earl*, 17 Johns., 63 ; *Gregory v. Levy*, 12 Barb., 610 ; *Kelley v. McCormick*, 28 N. Y., 318 ; *Bensel v. Lynch*, 44 N. Y., 162. And it has long been the rule of practice in the courts of this State in such cases ; but it has been modified or abolished in several of the other States by statutory or constitutional provisions or a different rule of practice which has been established in them.